Cole *v.* McGlathry.

## Cole *vs.* McGlathry.

It is no answer to a plea of the statute of limitations, that the action is founded on a breach of trust, not discovered till within six years. In order to take a case out of the statute on this ground, there must be proof of actual fraud and concealment by the party to be charged.

This case was *assumpsit* for goods sold, and was tried before *Whitman C. J.* in the court below, upon the plea of the statute of limitations, to which the plaintiff replied by alleging fraud in the defendant.

The plaintiff proved that in the year 1812, he delivered the defendant goods to the value of a hundred dollars, which the defendant promised to pay to certain persons who held notes to a larger amount against the plaintiff, which he had given for his farm; that in 1828, their agent asked the plaintiff why he did not pay for his land ; and on computing the sum due, the plaintiff was surprised to find that the hundred dollars had not been paid by the defendant.

That thereupon he called on the defendant, who admitted that he received the goods, and had agreed to pay the amount in part satisfaction of the sum due on the plaintiff's notes ; but affirmed that he had long since paid it to *Archibald Jones,* Esq. who formerly held the notes, as agent for the creditors.   That about two years ago the defendant repeated the same in the presence of Mr. *Jones,* who, being called as a witness, swore positively that no money was ever paid to him by the defendant, for such purpose.   And that the plaintiff was old, infirm and illiterate, dwelling about five miles from the village in *Frankfort,* where his notes had been deposited, and which, for the last fifteen or twenty years he had seldom visited, except on public occasions.

This evidence the Chief Justice deemed insufficient to avoid the bar, and therefore nonsuited the plaintiff, who filed exceptions to his opinion.

*Sprague,* for the plaintiff, furnished a written argument, in which he relied on *Johnston v. Humphreys,* 14 *Serg. & Rawle,* 394.

*W. Crosby,* for the defendant, cited *Bree v. Holbeck, Doug.* 656 ; *First Mass. Turnp. Corp. v. Field,* 3 *Mass.* 201 ; *Wells v. Fish,* 3 *Pick.* 74 ; *Farnham v. Brooks,* 9 *Pick.* 246 ; *Bishop v. Little,* 3 *Greenl.* 405.

WESTON J. delivered the opinion of the Court.

The cause of action in this case, accrued more than six years prior to its commencement.   The defendant relies upon the statute of limitations.   No admission of indebtedness, or promise on his part to pay within six years, is proved.   The plaintiff insists that by reason of the fraud of the defendant, the statute does not attach. The fraud set up, consists in a violation of his engagement, which might with equal reason be relied upon in all cases.   Had not the plaintiff slumbered upon his rights, and confided in the defendant, beyond the bounds of ordinary prudence, he had, at an earlier period, a sufficient and effectual remedy.   The defendant, in not fulfilling his promise, was guilty of a breach of moral and legal du-

ty ; and so is every debtor, who does not pay at the stipulated time. In order to take a case out of the statute upon this ground, there must be proof of actual fraud and concealment, by the party to be charged.   The cases of *Bree v. Holbrook,* and of the *First Mass. Turnpike v. Field & als.,* cited in the argument, establish and qualify this exception to the statute.   The principle underwent a very elaborate discussion in *Farnham v. Brooks,* 9 *Pick.* 212, and the court distinctly state that the operation of the statute is unaffected, if the party upon whom the fraud is practised had full means of detecting it.   If the defendant, failing to pay as he agreed, was guilty of fraud, the plaintiff had the power of detection.   Indeed but for gross negligence on his part, it must have been discovered. But the facts do not present a case of fraud, within the principle of the exception, upon which the plaintiff relies.   The only wrong imputable to the defendant, was an omission to pay, until long after the statute had attached.   Then indeed to former delinquency, he added falsehood, according to the testimony of Mr. *Jones ;* but that made his case no better ; and his protection being before complete under the statute, it made it in legal contemplation, no worse.   It could not have the effect to revive the debt.   *Nonsuit confirmed.*