## Martin V. Voss v. William Bachop.

### Error from Bourbon County.

1. Attorney and Client.—It is the duty of an attorney who collects money to immediately give his client notice thereof and await instructions.

2. Action: Demand.—Unless such circumstances exist as amount to a waiver of demand, no action will lie against an attorney for money collected by him until a demand is made.

3. Evidence: Presumptions.—In the absence of proof the law will presume notice and a demand made in a reasonable time after the money is collected, and at that time the action will be deemed to have accrued.

4. Limitation of Actions.—When the attorney, by false representations, conceals from his client the fact that he has collected the client's money, the cause of action does not accrue until the discovery of the fact.

5. LIMITATIONS : EXCEPTIONS.—In this case it was the wrong of the defendant below that caused the delay and not the *laches* of the plaintiff, and to give defendant the benefit of the statute would be to permit him to take advantage of his own wrong.*

The facts of the case, sufficient for presenting the points decided, appear in the subjoined opinion of the court.

*H. C. McComas,* for plaintiff in error.

*Heylman & Hulett,* for defendant in error.

*For plaintiff in error,* it was contended :

1.   That if the plaintiff's cause of action accrued more than two years before the commencement of this suit, " upon a legal liability incurred beyond the limits of this State," [§§ 1, 2, *Civil Code, Comp. L., p.* 232,] it is clear that the action is barred by the statute unless it comes in some of those "special cases" where a different limitation is prescribed.   *Expressio unius est exclusio alterius.*   For the special cases, *see* § 14, *Civil Code,* 1859, *Comp. L.,* 126.

2.   Where it appears on the face of the petition itself that the action is barred, the defendant may interpose the defense of the statute by demurrer, unless the petition also shows matters in avoidance of the statute, which would be a good reply to the plea of the statute at common law.

3.   The matter alleged in the petition, avoiding the statute, presents the question whether a fraudulent concealment by the defendant of the plaintiff's cause of action is a good reply to the statute in this State, and whether the facts set forth in the plaintiff's petition constitute such a fraudulent concealment or not.   Upon this question of replying " fraud " to the statute of limi-

*PRACTICE:   The facts set forth in a petition demurred to, will be taken as true.

tation, there has been a diversity of opinion. in the different States where they have no express statutes on the subject.

But there is one point in reference to those decisions where the affirmative of this proposition has been maintained that is worthy of consideration. That in the most of these cases the cause of action itself depended upon the existence of a secret fraud, as in the case of the Massachusetts Turnpike Company v. Field, one of the first cases in which this doctrine was held. But there is a wide difference between that case and the one at bar. Here the cause of action does not at all depend upon a fraud, but the plaintiff only alleges, that the defendant, after the cause of action had already accrued, *ex contractu*, fraudulently concealed this fact from the plaintiff. We maintain, however, that the weight of well considered cases is against the doctrine that fraud under any circumstances is a good reply to the statute of limitations. *Troop v. Smith*, 20 *Johns.*, 23; *Miles v. Berry*, 3 *Murph.*, 115; *Collins v. Waddy*, 2 *Mumford*, 511; *Smith v. Bishop*, 9 *Verm.*, 110; *Fee v. Fee*, 10 *Ohio*, 469; *Lewis v. Houston*, 11 *Texas*, 642.

But if the court should hold differently, still we maintain that under our statute, which is essentially different from the English statutes. 32 *Henry VIII, ch.* 2; 31 *James I, ch.* 16; 14 *Will. IV,* ch. 271. Also from the acts of Pennsylvania and Massachusetts, under which most of these decisions were made, fraud cannot be replied in this action.

Our limitation act [*see Comp. L., p.* 127, *ch.* 3, § 22] provides that for an action for relief on the ground of fraud "the cause of action shall not be deemed to have accrued until the discovery of the fraud." If the court were to hold that any other kind of fraud would be a

good reply in this State, would not such a decision be an act of judicial legislation? Fraud is not a good reply or a sufficient avoidance of the statute in this State, unless it is an action for relief on the ground of fraud. This is not such an action.

The facts stated constitute an action for relief (not on the ground of fraud) on the ground of the liability of the defendant to pay the plaintiff the money he had collected. An action to enforce a legal liability (*ex contractu*) an implied promise, "for money had and received" is not what our legislature meant by "an action of relief on the ground of fraud."

4. No capacity for pleading will suffice to metamorphose an action of debt or assumpsit into an " action for relief on the ground of fraud."

If this is not an action for relief on the ground of fraud, then under our statute it must be commenced in two years next after the cause of action accrued, and not thereafter.

This brings us to the question, when did the plaintiff's cause of action accrue?

It accrued after a reasonable time had elapsed for the defendant to pay over to his client the money he had collected.

When an attorney collects money for his client, it is his duty to pay it over immediately without demand. If he fails to do this, or to notify his client of the collection of the money, in a reasonable time, then after that reasonable time has elapsed, the plaintiff's cause of action accrues. [*Tinkham v. Heyworth*, 31 *Ill. R.*, 51?; *Stafford v. Richardson*, 15 *Wend. R.*, 302; 10 *Wheat.*, 180.] The contract of the attorney is not to keep the money until it is called for or demanded, but he receives

it to send it, or pay it to the owner. For his failure to perform this duty, an action lies against him for the money.

If the court assents to the correctness of this argument so far, then there remains but one other question. Had such "a reasonable time" elapsed more than two years before this action was commenced? This is a mixed question of law and fact. The court must decide what is a reasonable time, and the jury must decide whether that reasonable time has in fact elapsed. [1 *Greenl., Redfield's Ed., p.* 60, *notes and cases there cited.*]

Where the facts are stated in the petition, and admitted by demurrer, there is nothing for a jury to find. The court must decide the question upon the pleadings, whether the time there stated is a reasonable time. November 18, 1864, the money was collected; the suit was brought the 25th day of August, 1868, one year, nine months and seven days more than two years before the suit was commenced. Will not the court hold that more than a reasonable time had elapsed for the defendant to pay over to the plaintiff this money two years before the suit was brought?

*Heylman & Hulett* maintained:

1. The last clause of section 22 of the code of civil procedure, specifying what actions shall be brought within two years, reads as follows: "An action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud." It was the intention of the legislature that the word "relief" should be construed in its broadest and most liberal sense, in furtherance of the ends of justice; and when taken in connection with the remainder of the

clause, it appears that in all cases of fraudulent conceal-
ment of a cause of action by the defendant, the plaintiff
might bring his action "for relief" within two years after
the discovery of the fraud—the fraudulent concealment of
the cause of action being set up as the "ground of fraud."
*See also* §§ 25, 94, *id.*

2. In all cases where a fiduciary relation exists be-
tween the parties, as in the case of attorney and client,
before the defendant can claim the benefit of the statute,
he must prove notice to the plaintiff of the receipt of the
money; and the action does not accrue, or the statute of
limitations commence to run, until such notice be given,
or, according to one authority, cited below, until a rea-
sonable time thereafter. McDowell v. Potter, 8 Barr, p.
198, a case directly in point. The court, in delivering
the opinion in that case, after having cited and reviewed
at considerable length, the cases of Bredin v. Kingland,
4 Watts, 423; Stafford v. Richardson, 15 Wend., 305;
Riddle v. Murphy, 7 S. & R., 235, and Harrisburg Bank
v. Forster, 8 Watts, 16; lay down the rule in the follow-
ing forcible language: "The authorities cited show that
it is incumbent on the defendant to prove notice of the
receipt of the money, and without such proof he cannot
claim the protection of the statute." The court also, in
reviewing the case of the Harrisburg Bank v. Forster, 8
Watt. 16, says: "As in that case, an attorney stands in a
fiduciary character, and before he can be permitted to
avail himself of the defense, he must prove that he has
performed his duty." This doctrine is also clearly reit-
erated in the case of Stafford v. Richardson, 15 Wend.,
305, and the rule is there stated to be, that in all cases a
collecting agent is bound to give immediate notice to his
principal, and abide his instructions; and after a reasona-

ble time from the receipt of such notice, in which to make a demand of it from the agent, the statute of limitations will commence running, though no demand be made. *Lyle v. Murray*, 4 *Sandf.*, 590 ; *Haldern v. Craft*, 4 *E. D. Smith*, 490; *S. C. sub nom.*; *Waldern v. Craft*, 2 *Abbott's Pr.*, 301; *S. C.*, 1851; *Aymar v. Chase*, 12 *Barb.*, 301; *Glenn v. Cuttle*, 2 *Grant's Cas.*, 273 ; *Fleming v. Culbert*, 46 *Pa. S.*, 499; *Foster v. Jack*, 4 *Wend.*, 334 ; *Hickock v. Hickock*, 13 *Barb.*, 632; 3 *Pars. Contr.*, 99 ; *Bree v. Holbreck*, 5 *Doug. R.*, 654 ; *Massachusetts Turnpike Company v. Field*, 3 *Mass. R.*, 201 ; *Raymond v. Simonson*, 4 *Blackf. Ind. R.*, 85 ; *Mitchel v. Thompson*, 1 *McLean*, *Cir. Ct. R.*, 85 ; *Sherwood v. Sutton*, 5 *Mason*, *Cir. Ct. R.*, 143; *McDowell v. Young*, 12 *S. & R.*, 128; *Troup v. Smith*, 20 *Johns.*, 33 ; *Angel on Lim.*, 179, *et seq.*

3.    While the authorities, as to the running of the statute in courts of law, before the discovery of the fraud, are pretty nearly equally balanced, the right of the plaintiff to redress in a court of equity is not disputed.    Indeed, we know of no case where the courts have announced the doctrine, so repugnant to every instinct of natural justice, that if the wrongdoer can manage, by fraud and deceit, to conceal his wrongful acts from the injured party for a brief time, he shall thenceforth be protected in the enjoyment of his ill-gotten gains.    Such a decision would overturn the maxim, as old as the common law, that "no one can take advantage of his own wrong," and would be a reproach to the enlightened jurisprudence of the age in which we live.

4.    Our code of civil procedure requires that the petition shall contain "a statement of the facts constituting the cause of action, in ordinary and concise language, and without repetition."    While the petition

VOL. V.—5.

complained of may not be very elegantly, or even concisely drawn, we insist that the language therein used is such as is ordinarily made use of in speaking of transactions of a similar character. The petition states, briefly, that the plaintiff in error, in the month of November, 1864, being a practicing attorney in the state of Illinois, as the agent and attorney of the defendant in error, collected, for the said defendant in error, and of his money, the sum of $1,572, and fraudulently appropriated the same to his own use; and by fraud, misrepresentation and falsehood concealed and kept from the defendant in error the fact that said money had been so collected. As a representative of the bar of Kansas, we do not think this is either law or just dealing, and submit the question to our court of *dernier* resort for their determination.

*By the Court,* KINGMAN, C. J.

This suit was commenced on the 24th day of August, 1868. It appears from the petition that on the 6th day of August, 1864, the defendant below was a practicing attorney in Ford county, in the state of Illinois; and that at that date the plaintiff below placed in his hands for collection certain claims, and that on the 18th day of November, 1864, the same were collected by the said attorney, amounting to the sum of $1,572.00; that the plaintiff resided in Alleghany City, Pennsylvania, and that the communications between the parties were by letter; that the defendant falsely and fraudulently represented that the money had not been collected, and continued to so represent after he came to Kansas in 1865; that the plaintiff never discovered that the money had

been collected until the 18th day of November, 1866; and that from the first date up to this last, the relation of attorney and client continued to exist between the plaintiff and defendant.

The defendant demurred, thereby raising the question of the applicability of the statute of limitations. The demurrer was overruled, and this ruling it is deemed is erroneous.

PRACTICE: Demurrer.

The facts stated in the petition which we substantially set forth above, must on the demurrer be taken as true, and the only question is whether the statute of limitations operates as a bar in such a case.

LIMITATION OF Actions.

And this question will be determined by ascertaining when the right of action accrued, for at that time the statute began to run.

ATTORNEY AND Client.

The current of authorities seem to agree with much uniformity that an attorney is not liable to an action for money collected without a previous demand, or without the existence of such facts as amount to a waiver of a demand. See *Taylor v. Bates*, 5 *Cowen*, 376; 6 *Cowen*, 596; 3 *Barb.*, 584; 5 *Hill*, 399; 4 *Ala.*, 494; 2 *Pike*, 402; 4 *Greenleaf and note*, 532.

LIMITATIONS: Exceptions.

In McDowell v. Potter [8 *Barr*, 189] it was held that the statute of limitations against a claim on an attorney for money collected began to run from the time the client had knowledge or the means of knowledge that the money had been collected, and that the burden of proving such knowledge was on the attorney. The court say further, "an attorney stands in a fiduciary character, and before he can be permitted to avail himself of this defense, he must prove that he has performed his duty," and that duty was to give his client notice of the fact that he had collected the money.

While the case Stafford v. Richardson [15 *Wendell*, 305] seems to hold a contrary doctrine, though it is not broad enough to uphold the demurrer in this case.

If it be conceded, as we think it must, both on reason and on the authorities, that no action can be maintained against an attorney till after a demand made, or acts that are equivalent to a waiver of demand, it follows that he cannot be protected by the statute till such demand. *See the opinion of the court in Lillie v. Hoyt, 5 Hill*, 398. We are therefore of opinion that no right of action accrued in this case until within two years of the bringing of the suit.

It is to be observed, to the credit of the profession, that our researches show but very few cases in the courts where the liability of attorneys for money collected have passed under review, and those under circumstances appealing strongly to the equity of the court in favor of the attorney, and to some extent, perhaps, modifying the ruling of the court, as in the case of Stafford v. Richardson, *supra*.

CAUSE OF ACTION: Demand.  We think we may safely draw from the general current of authorities these deductions : That it is the duty of the attorney, when he has collected money, to notify his client of the fact, and that no action lies against him for money collected by him for his client until a demand has been made, or acts amounting to a waiver have been done by the attorney, and that in the

EVIDENCE: PRE- sumptions.  absence of proof the law will presume both notice and demand made in proper and reasonable time, and that the statute of limitations will begin to run from the lapse of a reasonable time after the money has been collected in such cases, upon the presumption that the demand has been made. Thus it will

be seen that the law makes ample provision for the protection of the client and the safety of the attorney.

But in the case before us the presumptions of notice and demand are overthrown by the facts in the case. The plaintiff in error, by the statements of the petition, should be estopped by his own acts from setting up the statute. It was his own misrepresentations that prevented a demand, his own bad faith to one who had reposed confidence in him, that delayed the assertion of the claim. In the case of Cutting v. Way [20 *N. H.*, 190] the chief justice well observes: "The principle of natural justice and of positive law that precludes a party from deriving a benefit from his own wrong, has from an early period been applied by courts, both of law and equity, to the construction of the statutes of limitations. It has accordingly been repeatedly held that a party shall not be protected by the lapse of time during which he has, by his own fraud, prevented the party whom he has injured from asserting his rights at law, and that he against whom the statute bar is interposed may avoid it by showing that he has been kept in ignorance of his claim till within the period limited by law for bringing his suit by the fraudulent practices of the party setting up the defense." With these views it will be unnecessary to examine the other points raised in the briefs, although we are not at all convinced that a like conclusion would not be reached by resting the case upon the last clause of section 22 of the code.

The decision must be affirmed.

All the justices concurring.