## E. A. PERRY v. JOSEPHINE WADE.

FRAUD; *Action for Relief, Not Barred.* In an action for the wrongful and fraudulent conversion of a house, it appeared that in April, 1878, the plaintiff, W., who did not reside in Kansas, by a deed of conveyance from her father, executed just before his death, became the owner of a house and lot in Cherokee, Crawford county, Kansas. Soon thereafter the defendant, P., became her agent for the management and control of such property. About November, 1878, he sold the house and allowed it to be removed from the premises, and never accounted to the plaintiff for the house or the proceeds thereof, and never paid her anything therefor, but at all times concealed from her the existence of the house and the sale thereof, and by his representations led her to believe that no house had ever existed on the lot, but that the lot was vacant and unoccupied; and she had no knowledge of the existence of the house or the sale thereof until about the time when this action was commenced, which was on May 26, 1882. *Held,* That the action is not barred by the statute of limitations; that the action comes within that provision of subdivision 3, ⸹18, of the civil code, which provides with regard to "an action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud."

### *Error from Crawford District Court.*

AT the January Term, 1883, plaintiff *Wade* recovered a judgment against defendant *Perry*, who brings it here for review. The opinion states the nature of the action, and the facts.

*John T. Voss*, for plaintiff in error.

*D. B. Vansyckel*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This is a companion case with that of *Perry v. Smith*, just decided. The principal question involved in this case, as was in that, is whether the plaintiff's cause of action is barred by the statute of limitations, or not; and the questions involved in this case, both with regard to the law and the facts, are equally as difficult as were those in that case. As stated in that case, sometime in April, 1878,

Mrs. Josephine Wade, then Josephine Taylor, by a deed of conveyance from her father became the owner of a half of a certain town lot, with a little house thereon, situated in the town of Cherokee, in Crawford county, Kansas; and by reason of a sale of such house by E. A. Perry, and a failure on his part to account therefor to Miss Taylor, now Mrs. Wade, a law suit was instituted by her against him for the resulting damages. That law suit is the present action. This action is for the alleged wrongful and fraudulent conversion of said house, by Perry, together with the wrongful and fraudulent concealment of all the facts by him from her, and misleading her with reference thereto, to her damage in the sum of $50. Judgment was rendered in the court below in favor of Mrs. Wade and against Perry for the sum of $35 and costs. Perry, as plaintiff in error, now seeks to reverse such judgment by this proceeding in error.

The theory upon which Mrs. Wade founds her right of action in this case is as follows: She claims that in 1878, the defendant, Perry, was her agent for the management and control of all her property in Kansas, which included said lot, with the house thereon; that about the month of November, 1878, he sold the house and allowed it to be removed from the premises; that the house was of the value of about $50; that Perry never accounted to her for the house or the proceeds thereof, and never paid her anything therefor, but at all times concealed from her the existence of the house and the sale thereof, and by his representations led her to believe that no house had ever existed on the lot, but that the lot was vacant and unoccupied; that she had no knowledge of the existence of the house or of the sale thereof until about the time when she commenced this action, which was on May 26, 1882; and that just prior to the commencement of this action she demanded a settlement and a payment for the house, and that Perry refused to do either.

The defendant, Perry, defended the case upon various theories, the principal of which are as follows: (1) He claims that he was never the agent of the plaintiff; (2) that the house at

all times was personal property, and therefore did not become the property of the plaintiff by virtue of the said deed of conveyance from her father, and therefore did not belong to her; (3) that prior to the sale of the house — which Perry claims was not until the spring, or summer, or fall of 1879 — and while the house was still standing on the lot, and on January 24, 1879, the plaintiff sold and conveyed the lot to one Edwin Berry, and that when the house was sold by Perry — which as he claims was in the spring, or summer, or fall of 1879 — it was sold as the property of Berry, and not as the property of the plaintiff; the defendant admits that when the house was sold, he sold it; (4) and the defendant further claims that upon every theory of the case, any supposed cause of action which the plaintiff might claim to have against him, is barred by the statute of limitations.   The action, as heretofore stated, was commenced on May 26, 1882.

The principal disputed points in the case are as follows:

*First,* Was the defendant the agent of the plaintiff for the management and control of her property?   *Second,* Was the house sold prior to the execution of the deed of conveyance by the plaintiff to Edwin Berry on January 24, 1879, or not?

Evidently, from the verdict rendered in the case, the jury found that the defendant was such agent, and that the house was sold prior to the execution of said deed of conveyance to Berry.   With reference to the question whether the defendant was such agent, or not, the evidence is weak and to some extent conflicting.   It appears that shortly after the death of the plaintiff's father, the plaintiff and the defendant entered into a correspondence with reference to her property in Kansas, she at the time residing at Stewartsville, Indiana, and he at Cherokee, Kansas; and from that time on he attended to all her business with respect to her property in Kansas, so far as any attention was given to it, until after it was all sold; and when he sold the house, he told the purchaser (so the purchaser testified) that he was selling it as the agent of Taylor, and the plaintiff's name at that time was Josephine Taylor.   There is still some other evidence tending to show that

defendant was acting as the agent of the plaintiff at the time the house was sold, but we do not think that it is necessary to set it forth in this opinion.

Upon the question as to whether the house was sold before or after the execution of said deed from the plaintiff to Berry, the evidence was conflicting; but there was ample evidence to sustain the verdict of the jury.

Upon the entire case, we think we must assume that the facts are such as the plaintiff claims them to be ; and upon such facts, is the plaintiff's cause of action barred by any statute of limitations? We think not. We think that this case comes under that provision of subdivision 3, § 18 of the civil code which provides with regard to "an action for relief on the ground of fraud — the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud." And as some authority for this, see the last sentence in the opinion in the case of *Voss v. Bachop,* 5 Kas. 59, 69. The "section 22 of the code," there referred to, and which section was then in force, is § 22 of the civil code of Kansas, enacted in 1859; and it is exactly identical with subdivision 3 of § 18 of the present civil code. See also the authorities cited in the case of *Perry v. Smith,* just decided.

We think the case of *Howk v. Minnick,* 19 Ohio St. 462, referred to by counsel for defendant in error, has no application to this case. In that case it does not appear that any relation of trust or confidence ever existed between the plaintiff and the defendant, while in this case such a relation did exist. That case was purely one of tort, and had not the slighest or most remote connection with any contract or with any relation founded upon contract; while in this case, though founded upon tortious acts, the acts themselves were in violation of a contract of agency, and in violation of a relation existing between a principal and an agent. Of course the mere concealment of a cause of action, or the concealment that a cause of action had ever accrued or ever had any existence, does not of itself bring the case within the above-quoted provisions of subdivision 3, § 18, of the civil code;

nor does it prevent the statute of limitations from running. There must generally be something more than mere concealment. But in this case there was not only concealment, but, according to the verdict of the jury, there was also fraud and a breach of trust and confidence before, at the time, and after the sale of the house and the conversion of the proceeds.

We think substantial justice was done in this case, and no material error was committed. The judgment of the court below will be affirmed.

All the Justices concurring.