## P. P. MAST & Co. *vs.* J. C. EASTON.

### February 5, 1885.

**Statute of Limitations — Money Collected by Agent.**—An agent employed to collect a debt and to remit the amount collected, after deducting his charges, is liable to an action by his principal for the recovery of the money without previous demand, if the agent neglects to make remittance within a reasonable time after collecting; and the statute of limitations then commences to run. The fact that the principal did not know when the money was collected does not prevent the operation of the statute, there being no fraudulent concealment of the fact by the agent.

Appeal by plaintiff (a corporation) from a judgment of the district court for Winona county, where the action was tried by *Start*, J., a jury being waived. The case is stated in the opinion.

*Lloyd Barber*, for appellant, cited *Topham* v. *Braddick*, 1 Taunt. 572; *Gardner* v. *Peyton*, 5 Cranch, C. C. 561; *Sally* v. *Capps*, 1 Ala. 121; *McDonnell* v. *Branch Bank*, 20 Ala. 313; *Taylor* v. *Spears*, 6 Ark. 381; *Jett* v. *Hempstead*, 25 Ark. 462; *Armstrong* v. *Smith*, 3 Blackf. 251; *Judah* v. *Dyott*, Id. 324; *Dodds* v. *Vannoy*, 61 Ind. 89; *Voss* v. *Bachop*, 5 Kan. 59; *Green* v. *Williams*, 21 Kan. 64; *Rob-*

*erts* v. *Armstrong,* 1 Bush, (Ky.) 263; *Fuqua* v. *Young,* 14 La. Ann. 216; *McCloskey's Succession,* 32 La. An. 146; *Grant* v. *Beall,* 4 Har. & McH. (Md.) 419; *Weston* v. *Ames,* 10 Met. 244; *Kimball* v. *Kimball,* 16 Mich. 211; *Cockrill* v. *Kirkpatrick,* 9 Mo. 697; *Beardslee* v. *Boyd,* 37 Mo. 180; *State* v. *Minor,* 44 Mo. 373; *Hutchins* v. *Gilman,* 9 N. H. 359; *Sawyer* v. *Tappan,* 14 N. H. 352; *Taylor* v. *Bates,* 5 Cow. 376; *Bronson* v. *Munson,* 29 Hun, (N. Y.) 54; *Potter* v. *Sturges,* 1 Dev. Law, (N. C.) 79; *Hyman* v. *Gray,* 4 Jones, Law, (N. C.) 155; *Pashchall* v. *Hall,* 5 Jones, Eq. (N. C.) 108; *Knight* v. *Killebrew,* 86 N. C. 402; *Keithler* v. *Foster,* 22 Ohio St. 27; *Wright* v. *Hamilton,* 2 Bailey, (S. C.) 51; *Merle* v. *Andrews,* 4 Tex. 200, 216; *Hutchinson* v. *Parkhurst,* 1 Aiken, (Vt.) 258; *Hall* v. *Peck,* 10 Vt. 478.

*Kingsley & Sheperd,* for respondent, cited *Cook* v. *Rives,* 13 Sm. & M. 328; s. c. 53 Am. Dec. 88; *Merchants' Bank* v. *Rawls,* 21 Ga. 289; *Lillie* v. *Hoyt,* 5 Hill, 395; *Lyle* v. *Murray,* 4 Sandf. 590; *Hickok* v. *Hickok,* 13 Barb. 632; *Stacy* v. *Graham,* 14 N. Y. 492; *Glenn* v. *Cuttle,* 2 Grant, (Pa.) 273; *Drexel* v. *Raimond,* 23 Pa. St. 21; *Downey* v. *Garard,* 24 Pa. St. 53; *Campbell* v. *Boggs,* 48 Pa. St. 524; *Hawkins* v. *Walker,* 4 Yerg. 188; *Estes* v. *Stokes,* 2 Rich. Law, (S. C.) 133.

DICKINSON, J. The plaintiff, a corporation, held a promissory note made by one Berge. In April, 1877, the plaintiff delivered the note to the defendant, to collect the amount thereof and to remit to the plaintiff the amount collected, less fees for collection. The defendant accepted the note for this purpose. On or before September 18, 1877, the note was paid to an agent of the defendant, but no remittance or payment was ever made to the plaintiff. It is found as a fact by the court that the time which would be reasonable for making such remittance expired more than six years before the commencement of this action. In July, 1882, the plaintiff demanded payment, which was refused, and now brings this action to recover the money. The court below considered that the action was barred by the statute of limitations.

We think this conclusion was correct. When the statute of limitations commenced to run must be determined by the fact as to when the right of action accrued. The limitation, as fixed by the

statute, is six years "after the cause of action accrues." The decisions are conflicting as to the conditions under which a right of action exists in favor of a principal against his agent for the recovery of money collected by the latter, and as to the time when the statute of limitations commences to run with respect to such an action. But it may be stated that generally, when the case has been such that it has been considered that the duty had become fixed upon an agent to remit or pay money collected by him, a neglect to perform that duty has been held to render the agent liable to an action, and hence that the statute would then commence to run. *Stacy* v. *Graham*, 14 N. Y. 492; *Lillie* v. *Hoyt*, 5 Hill, 395; *Hart's Appeal*, 32 Conn. 520; *Campbell* v. *Boggs*, 48 Pa. St. 524; *Denton* v. *Embury*, 10 Ark. 228; *Estes* v. *Stokes*, 2 Rich. Law, (S. C.) 133; *Mitchell* v. *McLemore*, 9 Tex. 151; *Hawkins* v. *Walker*, 4 Yerg. 188. And, independent of authority, the correctness of such a proposition is self-evident. That principle is applicable to this case, upon the facts found, and determines the result. The defendant assumed the obligation to "remit the amount collected," less his fees for collecting. The law by implication annexed the further terms to the contract that the remittance should be made within a reasonable time, and by some one of the agencies commonly employed for the transmission of money. The breach of the obligations imposed upon an agent would have the same effect in respect to a right of action, whether the breach consisted in neglect to comply with instructions previously given to remit upon collection, or in a refusal to pay after demand. In either case the principal might maintain his action, and the time during which the right of action would continue would commence to run when the neglect of duty occurred.

The fact that the plaintiff did not know when the collection was made, and hence did not know that the defendant had failed in the performance of his duty, and that a right of action had accrued, did not prevent the operation of the statute, there being no fraudulent concealment of the fact on the part of the defendant. *Cock* v. *Van Etten*, 12 Minn. 431, (522.) Except where relief is sought on the ground of fraud, the statute provides no exception in favor of those who may be ignorant of the existence of the cause of action. The

period within which the action must be brought commences when the right of action accrues.

Judgment affirmed.