BRADFORD v. McCORMICK ET AL.

1. **Statute of Limitations:** WHEN IT BEGINS TO RUN: FRAUDULENT CONCEALMENT. When the party against whom a cause of action in favor of another has accrued, by fraud or actual fraudulent concealment prevents him from obtaining knowledge thereof, the statute of limitations will commence to run only from the time the right of action is discovered, or might, by the use of due diligence, have been discovered. (*Dist. Twp. of Boomer v. French*, 40 Iowa. 601, and *Findley v. Stewart*, •46 Id., 655, followed )

2. ———: ———: ———: APPLICATION OF RULE TO JUSTICE OF PEACE AND SURETIES. Accordingly, where a justice of the peace had collected a judgment upon his docket in favor of the plaintiff, and, when plaintiff inquired of him from time to time whether anything had been collected thereon, the justice falsely answered that nothing had been collected, *held* that the statute of limitations did not begin to run against plaintiff's right of action against the justice and his sureties to recover the money so collected, until he had discovered the fraud, notwithstanding the collection was entered on the justice's docket, and plaintiff might have learned of it by consulting the docket.

3. ———: LIABILITY OF SURETY. Ordinarily, if the principal is bound, so is the surety; and, in this case, *held* that, where the fraudulent concealment of a justice of the peace prevented the statute of limitations from running in his favor, it also prevented it from running in favor of his sureties.

*Appeal from Franklin Circuit Court.*

TUESDAY, MARCH 8.

THE defendant McCormick was elected and qualified as justice of the peace. The other defendants are sureties on his official bond, on which this action was brought to recover money collected by him as such justice on a judgment upon his docket. The money was received by the justice on the twenty-fourth day of January, 1882, and this action was

commenced on the sixth day of July, 1885, and the term of office of the justice expired on the first day of January, 1883. The petition states that McCormick "fraudulently concealed the fact from the plaintiff that any amount had been collected on said judgment, and retained said money, and converted the same to his own use,    *    *    *    and, by such fraudulent concealment, prevented the plaintiff from obtaining any knowledge of the payment of said money until about the month of February, 1885." The defendant sureties pleaded the statute of limitations. Trial to the court, judgment for the defendants, and the plaintiff appeals.

*Taylor & Evans*, for appellant.

*Henley & Hemingway*, for appellees.

SEEVERS, J.—It is insisted by counsel for the appellees that a right of action accrued upon the payment of the money to the justice, and, as more than three years had elapsed when the action was commenced, it is therefore barred under section 2529 of the Code. Counsel for the plaintiff concede that the action is barred under that section, unless it appears that the justice fraudulently concealed from the plaintiff the fact that the money had been received. Counsel for the appellant further concede that the action is not saved by Code, § 2530, but that the rule contended for exists independent of the statute, and it was so held in *District Township of Boomer v. French*, 40 Iowa, 601, in which case the rule is thus stated: "That, when the party against whom a cause of action existed in favor of another, by fraud or actual fraudulent concealment prevented another from obtaining knowledge thereof, the statute would only commence to run from the time the right of action was discovered, or might, by the use of due diligence, have been discovered." Many authorities are cited in support of this rule, and it "applies when the cause of action does not grow out of the fraud alleged, but exists independently of it, and

is governed by the general statute of limitations." In *Findley v. Stewart*, 46 Iowa, 655, it is also said, by DAY, J., speaking for the court: "Now, while it is true that mere ignorance of their right upon the part of those entitled to the land would not prevent the statute of limitations from running, yet that effect is produced when this ignorance arises through the fraudulent acts of him in whose aid the statute is invoked." It is true, the statute in this case is pleaded by the sureties, and they have not been guilty of any fraud; but they, without doubt, we think, are bound by the fraudulent conduct of the principal defendant. The liability of a surety is dependent upon the liability of the principal. The ordinary rule is, if the principal is bound, so is the surety. *Charles v. Haskins*, 14 Iowa, 471; *Boone Co. v. Jones*, 54 Id., 699.

The plaintiff testified that in July, 1882, and afterwards, in 1883, he made inquiry of the justice whether anything had been paid on said judgment, and he was told there had not. The justice so wrote the plaintiff on more than one occasion. There is no evidence contradictory to that of the plaintiff. This, we think, is a fraudulent concealment of a material fact. The money had been paid, and the justice so knew, and he was bound, upon inquiry being made by plaintiff, to so state. Instead of so doing, he told a willful and deliberate falsehood, and thereby the plaintiff was deceived. It is true that when the money was paid the justice made an appropriate entry of such fact on his docket, and if the plaintiff had inspected it he would have discovered such fact. It is also true that such docket is a book which all persons, interested at least, have the right to examine, and therefore it is insisted that, because the plaintiff failed to do so, the action is barred for the reason that he "might, by the use of diligence," have discovered that the money had been paid to the justice. We, however, think that the plaintiff had the right to rely on what the justice told him. Ordinarily, this is all that any one would do. The most careful

business man, we think, would ordinarily rely on such information.

It is insisted that fraud is not sufficiently pleaded; but we think otherwise. Conceding, then, that the cause of action accrued when the money was received by the justice, we do not think it is barred under section 2529 of the Code, and that the court erred in so holding.

REVERSED.