GEO. W. STINSON V. AULTMAN, MILLER & CO.

| 54 | 537 |
| 68 | 588 |
| e68 | 590 |
| 54 | 537 |
| 71 | 781 |

1. ACTION—*Bar.* An action upon any agreement, contract or promise in writing is barred in five years after the cause of action accrued.

2. FRAUD—*Action*—*Evidence.* To maintain an action for relief on the ground of fraud, it must be alleged and shown that the fraud occasioned loss or injury to the plaintiff.

3. FACTS, *Stated*—*Action, Barred.* The defendant, an attorney, assumed in writing the payment of a note to the plaintiffs executed by one N. Afterward, and before the note became due, plaintiffs sent the note to the defendant for collection. He retained it for about two years, and never disclosed to plaintiffs the fact that he had agreed to pay it. Nearly five years after the return of the note, plaintiffs first learned from the maker thereof that the defendant had assumed the payment of the note. This action was brought more than seven years after the maturity of the note, on the written assumption. It is not alleged nor shown that the note could ever have been collected from N., nor that the wrongful conduct of the defendant prevented them from obtaining payment from the maker. *Held,* That the action was barred by the statute of limitations.

*Error from Phillips District Court.*

ACTION by *Aultman, Miller & Co.* against *George W. Stinson,* on an agreement to pay the promissory note of another. From a judgment in favor of plaintiffs defendant brings error. The facts appear in the opinion.

*Stinson & Gill,* and *G. W. Stinson,* for plaintiff in error.

*Frank McKay,* for defendants in error.

The opinion of the court was delivered by

ALLEN, J.: Aultman, Miller & Co. held a note against Peter Newman for $77, and 10 per cent. interest, dated July 6, 1880, due November 1, 1881. In August, 1881, the plaintiff in error made a trade with Newman for his homestead, and in part payment therefor executed the following writing:

"PHILLIPSBURG, KAS., August 5, 1881.

This is to certify, that I, George W. Stinson, have this day agreed to pay for Peter Newman a certain promissory note of

$77 principal, and interest thereon, not exceeding 12 per cent. per annum, dated November, 1880, and given to Aultman, Miller & Co., and due one year after date.

GEORGE W. STINSON.
S. W. McELROY."

On the 2d day of May, 1889, Aultman, Miller & Co. brought this action against Stinson to recover the amount of the Newman note, under the written agreement copied above. The petition, after alleging the execution of the note and the written agreement of Stinson assuming the payment thereof, states that Stinson was acting as agent and attorney for the plaintiffs for collecting notes and claims in Phillips county at the time of making said agreement, and until about the 22d day of October, 1883; that a short time before the note became due, it was forwarded to him for collection; that he held the same in his possession until about the 22d day of December, 1883, when it was returned to the plaintiffs with the report that Newman had left Phillips county, and that his whereabouts were unknown to the defendant; that Stinson fraudulently concealed from the plaintiffs the existence of said agreement; that the plaintiffs had made diligent search for Newman, but failed to find him until July, 1888, when they first learned of the existence of said written agreement.

It will be observed that more than seven years elapsed after the maturity of the Newman note before the commencement of this action, during all of which time it is shown that the defendant resided in Phillips county.    The theory of the plaintiffs is, that the statute of limitations did not begin to run until the discovery of the existence of the written agreement; that Stinson sustained a fiduciary relation to the plaintiffs as their attorney and collecting agent, and that, when the note came into his hands for collection, he was bound to inform them of all the facts within his knowledge affecting their rights.    That it is the duty of an attorney to act with the utmost good faith toward his client, cannot be questioned for a moment.    That he should inform his client of every fact

and circumstance within his knowledge relating to business and interests confided to his care, is manifest. The question of law presented, however, arises on the statute of limitations. However just and equitable the plaintiffs' claim may be, if they have slept on their rights, and allowed the bar of the statute of limitations to intervene, the courts are powerless to grant relief. The plaintiffs seem to have proceeded on the theory that the statute of limitations did not begin to run against an action founded on the written instrument executed by Stinson until after discovery of the fact of its execution by the plaintiffs; that the fact of the defendant being the plaintiffs' agent and attorney imposed on him the duty to disclose his relation to the note given him by the plaintiffs to collect; that his failure to inform them of his assumption of its payment was a fraud, and that they might maintain an action on the written instrument on discovery of the fraud, even though more than the statutory period of five years had elapsed.

Under § 18 of the code, an action on a written contract is barred after five years. An action for relief on the ground of fraud is barred in two years, but in the latter

1. Action—bar.  case the cause of action is not deemed to have accrued until the discovery of the fraud. In this case the plaintiffs seek to recover on the written contract, and may therefore bring their action within five years after the cause of action accrued. That provision of the statute in the third paragraph of section 18 of civil procedure, with reference to the time when a cause of action for relief on the ground of fraud shall be deemed to have accrued, has no application to an action based on the written contract itself. (*Perry v. Wade*, 31 Kas. 428.)

The question then is presented, whether the petition in this case and the facts proven at the trial are sufficient to show that the plaintiffs are entitled to relief on the ground of the fraud of the defendant. To entitle the plaintiffs to such relief, it must be shown, not only that the defendant was guilty

of fraudulent conduct, but that that fraudulent
conduct resulted in injury or loss to the plain-
tiffs. Neither the averments of the petition nor
the proof at the trial are sufficient to make out such a case.
At the time Stinson assumed payment of the note, it was
not in his possession, and it is not shown that he was author-
ized to receive payment of it. His act at the time was not
in any manner harmful to the plaintiffs, for they were not
deprived of their right to collect the note from Newman.
Their security was increased rather than diminished by
Stinson's assumption of the debt. Stinson claimed that he
made a subsequent arrangement with Newman, in accordance
with which he paid Newman in full for the land, and
that Newman was to return this written contract to him.
This was denied by Newman. If Stinson's claim was true,
it was his duty to have proceeded to collect the note from
Newman after maturity, and while it was in his hands. If
Newman's claim was true, it was Stinson's duty to have paid
it himself. If he was unable to pay it, it was his duty in
this case to have informed his clients of all the facts. But
as between Aultman, Miller & Co. and Peter Newman,
the assumption of the debt by the defendant never at any
time interfered with their right to proceed against Newman,
who was at all times liable for the payment of the note.
This case is unlike that of *Voss v. Bachop*, 5 Kas. 59, in two
essential particulars: (1) Stinson never collected the note as
the attorney of the plaintiffs; (2) his professional relation
to the plaintiffs ceased more than five years before the com-
mencement of this action. In the case last cited, Voss col-
lected money for his client, retained it, and concealed the fact
of the collection until within less than two years before the
suit was brought. It is not alleged in the petition, nor was
it shown at the trial, that the concealment of the facts, or the
fraudulent conduct of Stinson, prevented the plaintiffs from
collecting their claim from Newman. The property for which
Stinson traded was Newman's homestead, and therefore ex-
empt from the payment of his debts. It is not shown that

2 Fraud—action
—evidence.

the note could have been collected from Newman at any time. If the note was worthless, the plaintiffs were not injured by the fraudulent conduct of the defendant. The plaintiffs do not claim that the fraudulent conduct of the defendant prevented them from collecting their note from Newman. What they do claim is that his fraudulent conduct prevented them from knowing that they had a claim which they might enforce against him — prevented them from collecting the amount of the Newman note from Stinson himself. The concealment by Stinson of the fact that they at one time had a cause of action which they might have enforced against him does not alone, and of itself, constitute a legal fraud. As the plaintiffs' cause of action is founded solely on a writ- 3. Facts, stated— ten instrument on which an action might have action, barred. been brought more than five years before the commencement of this action, it is barred by the statute of limitations.

While there are in the record statements of witnesses to the effect that the plaintiffs used all diligence to find Newman after his removal from Phillips county, we think the showing not very satisfactory. It is shown that he went to Nemaha county; that his post-office address was Pawnte City, Neb. The jury find that his residence there was open, visible, and notorious. The note, after it was taken out of the hands of the defendant, was placed in the hands of other attorneys at Phillipsburg. In June, 1884, it was returned to the company's office in Akron, Ohio, and in July of that year was sent to attorneys at Pawnee City, Nebraska, which was then Newman's post-office address.

We do not think the showing of diligence especially commendable, or such as to make this case one of unusual hardship. The special verdict of the jury shows that the plaintiffs' cause of action was barred by the statute of limitations, and we are therefore compelled to reverse the judgment and direct a judgment for the defendant.

All the Justices concurring.