THE ATCHISON, TOPEKA & SANTA FE RAILWAY
COMPANY v. THE ATCHISON GRAIN COMPANY.

No. 12,789.  (75 Pac. 1051.) .

SYLLABUS BY THE COURT.

1. LIMITATION OF ACTIONS—*Implied Exceptions.*  The enumeration by the legislature of specific exceptions to a statute of limitations by implication excludes all others.

2. ——— *Actions Founded on Contract—Statute Not Applicable.*  The provision in subdivision 3 of section 18 of the civil code (Gen. Stat. 1901, § 4446), that a cause of action for relief on the ground of fraud shall not be deemed to have accrued until the discovery of the fraud, has no application to an action founded on contract.

3. ——— *Verbal Agreement—Action Barred in Three Years.*  An action to recover for the violation of a verbal agreement, in which there was a stipulation against discriminations, accrues within three years after the agreement has been violated, and an averment that the "defendant succeeded in concealing the fact of such discrimination from plaintiff until less than eighteen months prior to the filing of this petition" shows no ground for postponing the operation of the statute of limitations.

Error from Atchison district court, on rehearing; W. T. BLAND, judge.  Opinion filed March 12, 1904. Former decision modified, and judgment reversed.

*A. A. Hurd,* and *Robert Dunlap,* for plaintiff in error.

*H. J. Hamlin,* and *Henry Elliston,* for defendant in error.

*George A. Vandeveer,* and *F. L. Martin, amicus curiæ.*

The opinion of the court was delivered by

JOHNSTON, C. J. :  A rehearing of this cause was allowed mainly for the purpose of a further consideration of the application of the statute of limitations to the causes of action stated in the petition.  Counsel for the parties have presented the question again with

marked ability and a full citation of authorities. In the former opinion the averments of the petition were set out at length, and a repetition at this time is unnecessary. (*A. T. & S. F. Rly. Co. v. Atchison Grain Co.*, 70 Pac. 933.) They disclose the fact that the causes of action set up were founded on the violation of an oral contract, and cannot be classed as an action for relief on the ground of fraud. It is true there is an allegation that the railway company covertly and fraudulently entered into arrangements with other shippers whereby it gave them rates of transportation so much lower than those given to plaintiffs as absolutely to bar them from handling grain. This, however, was only a statement that an express contract between the parties was broken, the breach of which was relied upon for a cause of action. Since the gist of the action was the violation of a contract, it is manifest that it does not fall within the third subdivision of section 18 of the civil code (Gen. Stat. 1901, § 4446), viz., "action for relief on the ground of fraud," wherein is added the express exception that "the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud." On our first consideration, the conclusion was reached and stated that "concealment and fraud constitute an implied exception to the statute of limitations, and a party who wrongfully conceals material facts, and thereby prevents a discovery of his wrong, or the fact that a cause of action has accrued against him, is not allowed to take advantage of his own wrong."

Counsel for plaintiff in error press upon our attention the question whether, where the legislature, having confined the exception to "action for relief on the ground of fraud," there is any reason or warrant for applying it to other causes of action. It is insisted

that the court cannot imply or create exceptions additional to those specifically provided in the statute. The legislature declared that "civil actions, other than for the recovery of real property, can only be brought within the following periods after the cause of action shall have accrued, and not afterwards." Among others enumerated is the one involved here—"Within three years : An action upon a contract not in writing, express or implied." The legislature then declares certain exceptions in addition to the one appended to the cause of action for relief on the ground of fraud.   In section 19 of the code ( Gen. Stat. 1901, § 4447) an exception is made in favor of a person under a legal disability at the time a cause of action accrues.   Another exception is made in section 21 of the code ( Gen. Stat. 1901, § 4448), where the defendant is out of the state or has absconded and concealed himself.   Another is created in section 22, where the cause of action arose in another state or country.   In section 23 an exception is made in case of a reversal or failure of an action otherwise than upon the merits. In section 24 provision is made for starting the statute anew by a payment or acknowledgment of indebtedness.   These exceptions, and we do not know that all have been stated, show that the attention of the legislation was directed to exceptions to the general rule, and the question is whether the court can add to those provided by the legislature and in effect amend the code.

The effect of making an exception to an act of limitation was considered in *Swickard v. Bailey*, 3 Kan. 507.   It was there said :

"This action shows conclusively that the legislative mind was directed to the subject we are considering. The provision is not as broad as in the judgment of

many it should be, but the fact that any exception at all was made is strong evidence that no other or greater one was intended. At all events, according to the most familiar of the canons of interpretation, the court is bound to say, that having mentioned one exception, all others were intended by the legislature to be excluded.''

See, also, *Perry v. Wade*, 31 Kan. 428, 2 Pac. 787, and *Stinson v. Aultman*, 54 id. 537, 38 Pac. 788.

In *Bank of the State of Alabama v. Dalton*, 9 How. 522, 529, 13 L. Ed. 242, in the matter of engrafting on a statute of limitation exceptions not found therein, the court said :

''The legislature having made no exception, the courts of justice can make none, as this would be legislating. In the language of this court in the case of *McIver v. Ragan*, 2 Wheat. 29 [4 L. Ed. 175] : 'Wherever the situation of the party was such as, in the opinion of the legislature, to furnish a motive for excepting him from the operation of the law, the legislature has made the exception, and it would be going far for this court to add to those exceptions.' The rule is established beyond controversy.''

The supreme court of Tennessee, in discussing the matter of exceptions to a statute of limitations where the legislature had made none, remarked that it was ''well convinced that this court has no such power ; that it is our duty to administer the law regardless of particular cases of hardship, and that it belongs exclusively to the legislature to alter the law if it is oppressive or inconvenient. It is believed that such has been the course of decision, with slight aberrations in reference to the act of limitations for centuries.'' (*Cocke and Jack v. McGinnis*, Mart. & Yerg. 361, 17 Am. Dec. 809.)

The same question was before the supreme court of

Wisconsin in *Woodbury v. Collins, Shackleford, and another*, 19 Wis. 65, and it was said :

"In the construction of statutes of limitation, general words are to have a general operation ; and where there cannot be found in the statute itself some ground for restraining it, it cannot be restrained by arbitrary addition or retrenchment.   No exceptions can be claimed in favor of particular persons or cases, unless they are expressly mentioned."

There may be strong reasons for making an exception where there is concealment of a cause of action or where the element of fraud enters somewhat into the breach of the contract upon which an action is brought.   The legislature, however, after considering the subject, did not deem it wise to make such exception, but on the other hand positively declared that concealed fraud should operate to toll the statute in the single action brought for relief on the ground of fraud.   While concealment is alleged and wrongs akin to fraud are charged by the grain company, it does not ask that the contract be set aside because of the fraud, but, relying on that contract, asks to recover the loss sustained by its breach.

The fraudulent concealment that a right of action for the breach of a contract exists does not change the nature of the action nor shift it into the class named in subdivision 3 of section 18 of the civil code.   In fact, the petition in this case did not allege a fraudulent concealment of the cause of action, but only went so far as to say that "defendant succeeded in concealing the fact of such discrimination from plaintiff until less than eighteen months prior to the filing of this petition."   How it succeeded in concealing the fact is not stated.   Whether it was by silence, misrepresentation, or some affirmative action,

is not pleaded, nor is there any averment as to what diligence was used by the grain company in uncovering the discrimination, or that the means of discovery were not within its reach all of the time. As soon as the grain company found itself unable to ship grain or compete with others engaged in the same business, it suggested an inquiry, and if inquiry had developed the discrimination, it cannot assert a want of knowledge. Ordinarily, a means of knowledge is equivalent to knowledge. Even if the facts constituting fraudulent concealment had been specifically set out, it could not have affected this action for the reason that it is not founded on fraud, and, therefore, not subject to the statutory exception. In *Perry v. Wade,* supra, it was said :

"Of course the mere concealment of a cause of action, or the concealment that a cause of action had ever accrued or ever had any existence, does not of itself bring the case within the above-quoted provisions of subdivision 3, § 18, of the civil code, nor does it prevent the statute of limitations from running."

In *Stinson v. Aultman,* supra, it was held that the provision with reference to the accrual of a cause of action upon the discovery of the fraud of the defendant has no application to an action based on a contract. In discussing the claim that the fraudulent conduct of the defendant prevented the plaintiffs from enforcing their contract, it was said :

"What they do claim is that his fraudulent conduct prevented them from knowing that they had a claim which they might enforce against him—prevented them from collecting the amount of the Newman note from Stinson himself. The concealment by Stinson of the fact that they at one time had a cause of action which they might have enforced against him does not alone, and of itself, constitute a legal fraud.

As the plaintiff's cause of action is founded solely on a written instrument on which an action might have been brought more than five years before the commencement of this action, it is barred by the statute of limitations.''

In some of the states fraudulent concealment of a cause of action is made to extend the time of bringing the action for the period of limitation after the discovery that a cause of action exists; but the code of this state makes no such provision, except as to actions for relief on the ground of fraud. So far as actions founded upon agreements or contracts are concerned, the operation of the statute depends upon the nature of the cause of action and not upon the time that a plaintiff discovers that he has a right of action. The action accrues when the contract is violated and not at the time when the plaintiff learns that it has been violated. In the absence of a statute making concealment an exception to the statute of limitations, the courts cannot create one, however harsh and inequitable the enforcement of the statute may be. (*Fee's Administrator v. Fee*, 10 Ohio, 469, 36 Am. Dec. 103; *Lathrop and wife v. Snellbaker*, 6 Ohio St. 276; *Howk v. Minnick*, 19 id. 462, 2 Am. Rep. 413; *The State, ex rel., v. Standard Oil Company*, 49 id. 137, 30 N. E. 279, 15 L. R. A. 145, 34 Am. St. Rep. 541; *Smith v. Bishop*, 9 Vt. 110, 31 Am. Dec. 607; *Jas. Peak v. Lafayette Buck and wife*, 3 Baxt. 71; *Troup v. Smith*, 20 Johns. 32; *Allen v. Mille*, 17 Wend. 202; *Exkorn v. Exkorn*, 1 Hun, App. Div. 124, 37 N. Y. Supp. 68; *Miller v. Wood et al.*, 116 N. Y. 351, 22 N. E. 553; *Freeholders of Somerset v. Veghte*, 44 N. J. L. 509; *P. P. Mast & Co. v. Easton*, 33 Minn. 161, 22 N. W. 253; *Jacobs v. Frederick*, 81 Wis. 254, 51 N. W. 320; *Blount v. Parker*, 78 N. C. 128; Wood, Lim., 3d ed., § 274.)

The action accrued when the alleged wrongs were committed and the contract was violated. The fact that the contract relations between the parties were to continue for a year did not operate to extend the starting of the statute. When the wrongs were consummated which made it impossible for the grain company to continue business under the contract, the contractual relations were practically broken off and the statute of limitations then began to run.

Attention is called to *McMullen v. Loan Association*, 64 Kan. 298, 67 Pac. 892, 56 L. R. A. 924, 91 Am. St. Rep. 236, as an authority in favor of an implied exception. In that case a fiduciary relation existed between the parties, McMullen being in fact an agent. He had control of the business and funds of the association and his position made it easy for him to cover up the fraudulent conversion of the funds. It was his duty to speak and disclose the actual condition, but because of his fraudulent acts and concealment the association did not learn of the breach of trust and the wrongs done for a considerable time. The relation of trust and confidence placed that case in another class, wherein the general rule of equity applies, that the statute of limitations does not begin to run until the breach of trust or default in performance of duties is brought to the knowledge of the principal.

It follows from what has been said that the district court was in error in sustaining the petition of the grain company.

SMITH, CUNNINGHAM, GREENE, BURCH, ATKINSON, JJ., concurring.

JOHNSTON, C. J. (dissenting) : The writer is unable to reach this conclusion. As the court has decided that there are no exceptions to the statute of limi-

Railway Co. v. Grain Co.

tations except those expressly enumerated in the statute itself, and as that is to be the rule hereafter in Kansas, an elaborate exposition of the opposite view would serve no useful purpose. Briefly stated, it may be said that the doctrine of McMullen v. Loan Association, supra, and the view first announced in this case (70 Pac. 933), is the most satisfactory to the writer. There is a radical difference of judicial opinion upon the subject, and on which side the numerical majority of the cases may be is difficult to determine and may not be very important.

One who fraudulently conceals the wrong inflicted, and thus prevents another from beginning an action, ought not to be allowed to avail himself of his wrong and thus defeat the action of the injured party. This doctrine was announced in the early case of Voss v. Bachop, 5 Kan. 59, where it was held that a party may be estopped by his own acts from setting up the statute of limitations, and that where the delay in bringing an action is caused by the wrong of the defendant, and not by the laches of the plaintiff, the defendant cannot claim the protection of the statute. In the other Kansas cases cited the point we have here was not directly drawn into question or determined, except in McMullen v. Loan Association, supra. There, in an action on a written obligation, it was held that fraudulent concealment of the wrong postponed the running of the statute till the plaintiff discovered or should have known of the wrong. The averments in the petition in this case are sufficient as against a demurrer to charge a fraudulent concealment. It was alleged that the discriminations against the plaintiff were covertly and fraudulently made, and that they were concealed by plaintiff until less than eighteen months before the commencement of the action. The averment of the

38—68 KAN.

ultimate fact of concealment implies affirmative action by the defendant. Where the wrong alleged against the defendant necessarily operates as a fraud upon the plaintiff, it is sufficient as a charge of fraud, and is not made stronger by expressly characterizing it as a fraud. A general averment, such as was made in the petition, is sufficient. (*Traer v. Clews,* 115 U. S. 528, 6 Sup. Ct. 155, 29 L. Ed. 467; *Bradford v. McCormick,* 71 Iowa, 129, 32 N. W. 93.)

There is great force in the argument that the making of some exceptions by the legislature indicates that no others were contemplated. Nevertheless, exceptions not mentioned in the statute are recognized and applied. No exceptions are named where the state is a party, and yet the statute of limitations will not avail as against an action brought by the state. Other exceptions are implied where parties are disabled by law from instituting an action. To hold that the fraudulent concealment of a wrong done by defendant will prevent him from claiming the protection of the statute of limitations cannot be regarded as the creation of an exception to the statute. It is rather a rule of interpretation, by which it is held that the legislature did not contemplate that one who committed a wrong and fraudulently concealed it should invoke the protection of a statute designed to prevent fraud. It is the application of the principle that no one can avail himself of his own wrong and fraud to obtain an advantage over another in a court of justice, a principle applicable in the enforcement of all statutes and in the use of all remedies. Speaking of that statute, the supreme court of Rhode Island said:

"It was clearly not intended to thwart the fundamental maxim that no one may take advantage of his

Railway Co. v. Grain Co.

own wrong.   Hence, if one by fraud conceals the fact
of a right of action for six years, it is not engrafting
an exception on the statute to say he is not protected
thereby, but it is simply saying that he never was
within it, since the protection was never designed for
such as he.   But whether this be taken as an excep-
tion or only as limitation of the statute, it rests upon
sound reason and just policy.   Such a construction
also has been so frequently applied that it is now said
to have the weight of authority in its favor, although,
it must be admitted, there are strongly expressed opin-
ions the other way." (*Reynolds v. Hennessy*, 17 R. I.
169, 177, 20 Atl. 307, 23 Atl. 639.)

There is a general agreement of the authorities that
the fraudulent concealment of a cause of action on
the part of the defendant will prevent the running of
the statute in his favor when a proceeding is brought
against him in a court of equity, and no reason is seen
why the same rule should not apply in all actions in
this state.   The distinctions between actions at law
and suits in equity have been abolished, and statutes
of limitation are to be interpreted and applied accord-
ing to equitable principles, whatever the character of
the action, because such statutes operate upon the
cause and not upon the form of action.   So it was said
in *McMullen v. Loan Association*, supra, that the gen-
eral trend of authority in this country and in England
is to apply the rule to actions at law as well as suits
in equity, and that to hold that a party could plead a
statute of limitations to protect a wrong committed
and concealed by him until the period of limitation
had expired would be to make a law designed to pre-
vent fraud the means by which to make it successful
and secure. It is true the statute of limitations is
not prolonged by a mere want of knowledge that an
action in favor of a party has accrued.   But there is

a wholly different situation where ignorance that a right of action exists results from the wrong and fraud of the defendant. There the law does not permit him to set up his own wrong and take advantage of it.

Some of the authorities tending to sustain these views are : *Bree against Holbech*, 2 Doug. 654a; *Granger against George*, 5 B. & C. 149; *Gibbs v. Guild*, 8 Q. B. D. 296, L. R. 9 Q. B. 59; *Clark against Hougham*, 2 B. & C. 149; *Short against M'Carthy*, 3 B. & A. 626; *Sherwood v. Sutton*, 5 Mason, 143, Fed. Cas. No. 12,-782; *First Massachusetts Turnpike v. Field et al.*, 3 Mass. 201, 3 Am. Dec. 124; *Homer v. Fish*, 1 Pick. 435, 11 Am. Dec. 218; *Welles v. Fish*, 3 id. 73; *Bishop v. Little*, 3 Greenl. 405; *Cole v. McGlathry*, 9 Me. 131; *McKown v. Whitmore*, 31 id. 448; *Thurston v. Lowder*, 40 id. 197; *Pennock v. Freeman*, 1 Watts, 401; *Harrisburg Bank v. Forster*, 8 id. 12; *Bricker v. Lightner's Executor*, 40 Pa. St. 199; *Morgan v. Tener*, 83 id. 305; *Lewey, Appellant, v. Fricke Coke Co.*, 166 id. 536, 31 Atl. 261, 28 L. R. A. 283, 45 Am. St. Rep. 684; *Jones v. Conoway and wife et al., Ex'rs of Rees*, 4 Yeates, 109; *Persons v. Jones*, 12 Ga. 371, 58 Am. Dec. 476; *Snodgrass v. Br. Branch Bank at Decatur*, 25 Ala. 161, 60 Am. Dec. 505, and note; *Alvis v. Oglesby*, 87 Tenn. 172, 10 S. W. 313; *Herndon v. Lewis et al.*, 36 S. W. (Tenn.) 953; *Peck v. The Bank of America*, 16 R. I. 710, 19 Atl. 369, 7 L. R. A. 826; *Reynolds v. Hennessy*, 17 id. 169, 20 Atl. 307, 23 Atl. 639; *The District Township of Boomer v. French*, 40 Iowa, 601; *Bradford v. McCormick*, 71 id. 129, 32 N. W. 93; *Carrier v. The Chicago, R. I. & P. Ry. Co.*, 79 id. 80, 44 N. W. 203, 6 L. R. A. 799; *Cook, etc., v. Chicago etc. Ry. Co.*, 81 id. 551, 46 N. W. 1080, 9 L. R. A. 764, 25 Am. St. Rep. 512; *Munson v. Hallowell*, 26 Tex. 475, 84 Am. Dec. 582; *Bonner v. McCreary*, 35 S. W. (Tex.) 197; *Bailey v. Glover*, 21

Wall. 342, 22 L. Ed. 636 ; *Rosenthal v. Walker*, 111 U. S. 185, 4 Sup. Ct. 382, 28 L. Ed. 395 ; *Traer v. Clews*, 115 id. 528, 6 Sup. Ct. 155, 29 L. Ed. 467 ; *Aultman, Miller & Co. v. Loring*, 76 Mo. App. 66 ; *Farris v. Coleman*, 103 Mo. 352, 15 S. W. 767 ; *San Pedro Lumber Co. v. Reynolds*, 121 Cal. 74, 53 Pac. 410 ; Ang. Lim., 6th ed., ch. 18, § 186 ; 19 A. & E. Encycl. of L., 2d ed., 245, and cases cited ; 33 Cent. Dig.; col. 884, § 511.

The rule established by the court, however, determines the insufficiency of the first count of the petition, and, therefore, the decision first made as to the ruling on that count will be set aside. Without any difference of opinion, the court held, and still holds, the averments of the second and third counts of the petition to be insufficient.

The result of our determination is that our former judgment will be modified as to the first count of the petition, and the judgment of the district court will be reversed and the cause remanded for further proceedings.

MASON, J. (concurring specially) : I agree with the conclusion reached by the court, but desire to add that I do not think the allegations of the petition in this case are such as to raise the question whether the operation of the statute of limitations may be postponed by the fraudulent concealment by defendant of circumstances without knowledge of which plaintiff could not know of the existence of his cause of action.