## BESCHER, GUARDIAN, *v.* PAULUS.

STATUTE OF LIMITATIONS.—*Right of Action Postponed by Fraud.—Promissory Note.—Assignment.—Alteration.—Principal and Surety.—Payment.—Pleading.*—The payee of a promissory note, executed by a principal and surety, altered the same, with the consent of the principal only, by extending the time of payment, and then transferred the same, by delivery merely, to a creditor whom he owed, in payment of the debt. Upon the maturity of the note as altered, the creditor brought suit thereon against the makers, whereupon the surety, by reason of such alteration, defeated a recovery ; and the principal proving insolvent, the creditor, within six years from such action, but more than six years from the transfer of such note, instituted suit against the payee, his debtor, who pleaded the six years' statute of limitations.

*Held,* on demurrer to a reply alleging that the plaintiff had no notice of such fraud until such action on the note, that the action is not barred, the plaintiff's right of action being postponed, by such fraud, until the discovery thereof.

From the Wayne Circuit Court.

*H. C. Fox* and *W. A. Peelle*, for appellant.

PERKINS, J.—Suit commenced on the 27th day of June, 1873. The cause of action arose as follows:

On the 14th day of June, 1867, the defendant gave to the plaintiff, in payment of a debt, a note on third persons, without indorsing it, purporting to be due on the 25th day of April, 1868. Said note was signed by three persons, two of whom were sureties. The defendant, with the principal in the note, before it was transferred to the plaintiff, had altered the same so as to make it fall due on said 25th day of April, 1868, instead of the 1st of January, 1868. It not being paid on the 25th of April, the time it purported upon its face to become payable, the plaintiff sued all the parties, and the sureties, setting up the alteration, defeated the suit as to them, and the principal was insolvent.

At what date the trial in said suit was had is not stated. This suit was instituted to recover the plaintiff's claim, as we have said, on the 27th day of June, 1873. The complaint recites the facts of the case, which showed a good cause of action on the original debt, or for fraud. The defendant answered the statute of limitations of six years.

The plaintiff replied, that he had no notice of the alteration of the note, until after the 25th day of April, 1868, and that this suit was brought within six years from that date.

A demurrer to this reply was sustained, and, the plaintiff declining to amend, final judgment was rendered against him.

The question is reduced to one of computation of time. Was it more or less than six years from the 25th of April, 1868, to the 27th of June, 1873? The time intervening between the 25th of April, 1868, and the 27th of June, 1873, was five years, two months and two days. The cause of action in this case, whether it be

the original debt or the fraud, did not arise till the plaintiff discovered the fraud practised upon him, in giving him, in payment of a debt, the altered note in question. The original debt, by the taking of the note, was postponed as to the time of its becoming due, and became due when it was discovered by the plaintiff that the pretended payment was fraudulently made in an article that was worthless.

This discovery was made April 25th, 1868. This was also the time of the discovery of the fraud. This fact, the demurrer to the reply admits. The plaintiff had a right to look upon the face of the note as expressing the contract between the parties to it, having no information to the contrary.

Appellee has not furnished us with a brief, so that we are without information in regard to the reasons for the decision of the court below.

The judgment is reversed, with costs, and the cause remanded for further proceedings, etc.