# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

RAGLAND v. OWEN.

DECEMBER 8th, 1887.

Absent, Richardson, J.

STATUTE OF LIMITATIONS—*Fraud—Proof—Case at bar.*—In action to recover money collected by defendant for plaintiff, former pleaded that suit had not been brought within five years from the rise of the cause of action. Plaintiff replied that defendant had fraudulently concealed the collection of the money sued for, and that the suit had been brought within five years from the discovery of the fraud:

HELD:
    The evidence did not sustain the replication.

Error to judgment of circuit court of Halifax county, rendered at September term, 1881, in an action of assumpsit wherein Robert E. Owen was plaintiff, and R. Ragland was defendant. Verdict and judgment being against defendant, he obtained a writ of error and *supersedeas.* Opinion states the case.

*W. R. Barksdale* and *J. W. Riley*, for the plaintiff in error.

*R. T. Hubard* and *W. Bouldin, Jr.*, for the defendant in error.

HINTON, J., delivered the opinion of the court.

This was an action of *assumpsit* instituted in the circuit court of Halifax county in September, 1881, founded upon a receipt executed by the plaintiff in error to one Robert E. Owen on

the 15th day of January, 1859, for sundry bonds due said Owen by William C. Cole, which the plaintiff in error in said receipt undertook "to collect or return." To this action the plaintiff in error here, the defendant below, pleaded *non assumpsit*, payment, and offsets, and the statute of limitations. To the plea of the statute of limitations the plaintiff filed a special replication, alleging that the defendant fraudulently concealed from the plaintiff all knowledge of the collection of the money sued for, and that his action was brought within five years from the time that said fraud was discovered, and, on the issue joined on the said several pleas and replication, the jury rendered a verdict for the sum of $298 56, with interest thereon from May 1, 1867, in favor of the plaintiff; whereupon the defendant, Ragland, moved the court to set aside the said verdict, on the ground that it was contrary to the law and the evidence, and upon the refusal of the court so to do, brought the case by writ of error here.

In the bill of exceptions, the evidence, and not the facts, is certified; and, therefore, we can only look, in accordance with the established rule of this court, to the evidence introduced on behalf of the party who prevailed below, and the defendant in error, to determine whether or not a new trial should have been awarded. But looking alone to this evidence, and giving to it all the force and credit to which it is entitled, we yet think it manifest that Ragland was entitled to the verdict, under the plea of the statute of limitations. That Owen expected Ragland to use these bonds in paying for the Cole land is beyond dispute, for he himself testifies that "the arrangement then and there made between R. and myself was that R. [meaning Ragland] should take my bonds against Cole [the very bonds for which Ragland had given him a receipt] *and use them in paying for the land* [meaning the Cole land];" and that he must have known that Ragland had been credited with the amount of these bonds in payment for the land as early as May 13, 1869, seems also more than probable, for it appears

from the report of commissioner Leigh, in the causes of *Ragland* v. *Cole's Heirs* and *Cole's Heirs* v. *Ragland*, the record of which suits Owen introduced as evidence in support of this action against Ragland, that Ragland received credit for the amount of said bonds in settling for the land bought of Cole, as of the 1st of May, 1867, and this report was confirmed on the 13th of May, 1869. But, if there should be any doubt upon this point, we still think it is unquestionably proved that the plaintiff, Owen, learned that the amount of these bonds had been credited in payment of this land more than five years before the institution of this suit; for he learned this fact on the 13th of September, 1874, as the statement of the clerk rendered to him, and by him introduced in evidence, shows on its face. And he was so well satisfied by that statement, and his previous knowledge of the use to which it was intended by the parties that the money was to be applied, and the statement of the clerk that these suits had been dismissed, that the money had been so applied by Ragland, that he "a short time afterwards" carried the statement to Ragland and demanded of him the amount of it; and all of this must have occurred at least as much, or nearly as much, as seven years before this suit was brought. Such being the admitted facts of this case, we do not think that he can shelter himself behind his subsequent statement that he was afterwards told by Ragland that these suits had not been dismissed, and that he was still prosecuting them. He had himself chosen to resort to the proper source, to-wit: to find out what was the condition of the suits, and after he had received this information, and acted upon it, it is too late for him to excuse himself for failing to bring his action by saying that he subsequently received different information from another source.

We are clearly satisfied, for the reasons just given, that upon the plea of the statute of limitations the case was with the defendant below, and that the judgment complained of should be reversed, and that a judgment should be entered here dis-

missing the suit. This view of the evidence renders it unnecessary to consider the other questions so elaborately discussed at bar.

LACY, J., dissented.

JUDGMENT REVERSED.