JENNIE A. GRANT, EXECUTRIX,

v.

MARY E. ODIORNE.

*Administration—Claim for Money Withheld by Deceased—Agency— Fraud—Judgments by Confession.*

1. Upon the presentation of a claim against an estate covering moneys alleged to have been due complainant from deceased, his financial agent, it is enough to prove that funds of the former came into the hands of the latter; the estate must show what became of them. The complainant is not required to show by a preponderance of the evidence that neither he nor any other person had received from such agent or another the amount for which claim is made.

2. Where such funds are in the hands of such agent under an express trust, he holding them, not as a collecting but as an investing agent, the statute of limitations will not begin to run as to them until demand is made therefor, or he places himself in a position of hostility to his principal.

3. In the case presented, this court holds that the evidence tended to show a fraudulent concealment, and the fact being that the fraud was not

discovered until after the death of the agent, that the statute began to run only from its discovery.

4. The statute does not run where funds are intrusted to another to invest, and the evidence does not show that he ever refused to act as an investing agent, nor any demand upon him to pay ⁓er anything more than the interest he had collected.

[Opinion filed December 7, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. GEORGE DRIGGS, Judge, presiding.

William C. Grant in his lifetime received, loaned and collected certain moneys for one Thomas Odiorne. Odiorne lived in Massachusetts and transacted his business with Grant by way of correspondence. Thomas Odiorne died in 1873, his estate being administered by his brother, William H. Odiorne. The interest of Thomas Odiorne having passed to his daughters, they continued as their father and uncle had, to correspond with Mr. Grant concerning the loans under his charge. Mr. Grant died in 1887, and his estate, upon request, turned over to Miss Odiorne certain securities, but not the amount which she had come to believe were in his hands belonging to her. She therefore filed her claim in the Probate Court and obtained an allowance against his estate, from which his executrix took an appeal; the case being retried in the Circuit Court, the executrix of the Grant estate has appealed to this court from the judgment there rendered.

Messrs. LEROY D. THOMAN and LOUIS M. GRANT, for appellant.

The statute of limitations will prevent the claimant from recovering upon any of the disputed items in this cause, for the reason that Mr. Grant did not receive and hold the money under an express and continuing trust. Angell on Limitations, Secs. 166–178; Lyon v. Marclay, 1 Watts (Pa.), 275; White v. White, 1 Md. Ch. 53; Murray v. Coster, 20 Johnston (N. Y.), 576; Finney v. Cochran, 1 Watts. & Serg. (Pa.) 112; Quayle v. Guild, 91 Ill. 378; Cagwin v. Ball, 2 Ill. App. 70; Hayward v. Gunn, 82 Ill. 385; Kane v. Bloodgood, 7 Johnson (N. Y.), 89, 113, 114.

Money in the hands of a collecting agent or attorney constitutes only a resulting or constructive trust, against which the statute of limitations will begin to run from the date the said funds were so placed in his possession, or came under his control. Lillie v. Hoyt, 5 Hill (N. Y.), 396; University v. Smith, 32 Wis. 587; Hayward v. Gunn, *supra;* Finney v. Cochran, *supra;* Glenn v. Cuttle, 2 Grant's Cases, 273; Fleming v. Culvert, 46 Pa. 498; Douglas v. Corry, 46 O. S. 349; Hart's Appeal, 32 Conn. 520; Simms v. Breton, 3 Exch. 802; Baker v. Joseph, 16 Cal. 173; Wood's Limitations, 286, 418; Story's Eq. Juris., Sec. 962.

There was no fraudulent concealment of the cause of action. Wood v. Carpenter, 101 U. S. 135; Burke v. Smith, 16 Wall. 401; Evans v. Bacon, 99 Mass. 213; Bartalott v. Bartalott, 11 Ill. App. 620; Nudd v. Hambline, 8 Allen, 132; Martin v. Smith, 1 Dill. 85; Stone v. Brown, 18 North E. Rep. 392; Canada v. Green, 3 Myl. & K. 722; Cole v. McGlathy, 9 Me. 131; Farnum v. Brooks, 9 Pick. 212; McKowan v. Whitmore, 31 Me. 443; Rouse v. Southard, 39 Me. 401; Boyd v. Boyd, 27 Ind. 429; Stanley v. Stanton, 36 Ind. 445; Wynne v. Cornelison, 52 Ind. 312; Conner v. Goodman, 104 Ill. 365; Beatty v. Nickerson, 73 Ill. 605; Angell on Limitations, Sec. 187; Statutes of Illinois, 1874, Sec. 22.

The claimant is barred by *laches.* School Directors v. School Directors, 16 Ill. App. 651; Bartalott v. International Bank, 14 Ill. App. 158; Wachter v. Albee, 80 Ill. 47; Canada v. Green, *supra;* Campbell v. Boggs, 48 Pa. 524; Blinn v. Beman, 66 Pa. 185; Martin v. Smith, 1 Dillon, 85; Moore v. Green, 19 How. 69; Bonney v. Stoughton, 122 Ill. 536; Rhines v. Evans, 66 Pa. 192; Mariot v. Hampton, 2 Smith's Leading Cases, 400; Milne v. Duncan, 6 B. & C. 671; Kelly v. Salari, 9 M. & W. 54; 3 Blackstone Com., 196; 4 Coke, 11 b; Chitty on Contracts, 10 Am. Ed., 694.

Messrs. BALL, WOOD & OAKLEY, for appellee.

The so-called Laroque claim is an express trust to which the statute of limitations has no application. Donlin v. Bradley, 119 Ill. 412; Jones v. Lloyd, 117 Ill. 597; Michoud v.

Grant v. Odiorne.

Girod, 4 How. 506; Bacon v. Rives, 106 U. S. 99; Brickener v. Lightner's Ex'rs, 40 Pa. 199; Albretch v. Wolf, 58 Ill. 186.

Upon Johnston's claim and as applicable to all the claims we cite Vigus v. O'Bannon, 118 Ill. 334; Fish v. Cleland, 33 Ill. 238; Greenman v. Greenman, 107 Ill. 404; McDowell v. Potter, 8 Pa. St. 190; Seymour v. Freer, 8 Wall. 202; Hubbard v. U. S. Mtge. Co., 14 Ill. App. 40.

Grant occupied a position of trust and confidence in which he was bound to honestly care for and truly report about the moneys placed in his hands; and having appropriated these moneys and made false statements in regard to them, he can not set up *laches* upon the part of his principals in bar of the present action. No time runs against a fraud. Michoud v. Girod, 4 How. (U. S.) 506; Brickener v. Lightener's Exrs., 40 Pa. 199; Albretch v. Wolf, 58 Ill. 186; Kent, C. J., in Sands v. Codwise, 4 John. 599; 1 Story's Eq. Jur., Sec. 323; Jones v. Lloyd, 117 Ill. 597; Vigus v. O'Bannon, 118 Ill. 334; Greenman v. Greenman, 107 Ill. 404; Fisher v. Tuller, 23 N. E. Rep. 523 (Indiana).

Upon the Hagarty loan, and generally, we cite Vigus v. O'Bannon, *supra;* Michoud v. Girod, *supra;* Bacon v. Rives, *supra;* Hardwicke v. Vernon, 14 Vesey, 505; Fisher v. Tuller, 23 N. E. Rep. 523 (Indiana.)

The possession of the agent is not adverse to the principal, and as between them there is no limitation of time, unless there be a clear repudiation of the agency brought home to the knowledge of the principal, so as to require him to act as upon an asserted adverse title. And the burden of proving such hostile attitude is upon the agent. 2 Evans' Pothiers on Contracts, 126; O'Halloran v. Fitzgerald, 71 Ill. 53; Fox v. Cash, 11 Pa. St. 207; Sims v. Smith, 11 Ga. 195; Merrian v. Hassam, 14 Allen, 522; Baker v. Whiting, 3 Sumner, 466; Kane v. Bloodgood, 7 John. Ch. 90; Harrisburg Bank v. Foster, 8 Watts, 12; Baker v. Dobyns, 4 Dana (Ky.), 226; Seymour v. Freer, 8 Wallace, 202; Hubbard v. U. S. Mortgage Co., 14 Ill. App. 40; Hardwicke v. Vernon, 14 Vesey, 505; Fisher v. Tuller, 23 N. E. Rep. 523 (Ind.); 1 Story's Eq. Jur., Sec. 323; Jones v. Lloyd, 117 Ill. 597.

The statute of limitations does not begin to run in cases like the present one until after explicit demand is made by the principal, or the agent has unequivocally placed himself, to the full knowledge of the principal, in a hostile attitude. This is the rule both at law and in equity. First Mass. T. C. v. Field, 3 Mass. 201; Henry Co. v. Winnebago Company, 52 Ill. 299; Kelly v. Donlin, 70 Ill. 378; Findley v. Stewart, 46 Iowa, 654; Kilbourne v. Sutherland, 130 U. S. 505, 518; Sherwood v. Sutton, 5 Mason, 143; Persons v. Jones, 12 Geo. 371; Albretch v. Wolf, 58 Ill. 186; Cowper v. Godmond, 9 Bing. 748; O'Halloran v. Fitzgerald, 71 Ill. 53; Sands v. Codwise, 4 John. 599; Zeller's Lessee v. Eckert, 4 How. 295; Whitehead v. Lord, 11 English L. & Eq. 587; Moffat v. Buchanan, 11 Humph. 369.

The statute of limitations would not commence to run until the claimant actually discovered the fraud and indirection practiced upon her by Mr. Grant. The claim filed in this cause, and from which the estate has appealed, shows that the claimant did not discover such fraud until after the death of Mr. Grant. The burden of showing when the fraud was discovered by her is upon the estate. The court will not assume such a discovery in order to start the running of the statute. Undue concealment of necessary facts by one occupying a relation of confidence is such fraud as will prevent the running of the statute. McDowell v. Potter, 8 Pa. St. 189; Kilbourn v. Sutherland, 130 U. S. 505, 518; Bacon v. Rives, 106 U. S. 99; Kane v. Bloodgood, 7 John. Ch. 122; Walden v. Karr, 88 Ill. 49; Greenman v. Greenman, 107 Ill. 404; Albretch v. Wolf, 58 Ill. 186; Fish v. Cleland, 33 Ill. 238; Findley v. Stewart, 46 Iowa, 355.

Grant's estate is liable to the claimant for all sums for which Grant would have been liable were he still living and this action was against him. Gillett v. Hickling, 16 Ill. App. 392; Lewin on Trusts, 901; Farrelly v. Ladd, 12 Allen, 127; Doyle v. Murphy, 22 Ill. 502; Allen v. Russell, 78 Ky. 105, 112; Perry on Trusts, Sec. 38; Bishop v. Knight, 1 P. Wms. 406.

Upon all moneys of the claimant that the court finds Grant converted to his own use, interest should be computed at six

per cent with annual rests.  2 Story Eq. Jur., Sec. 1277;
Hardwicke v. Vernon, 14 Vesey, 505; Ogden v. Larrabee, 57
Ill. 389; Asay v. Allen, 124 Ill. 391.

WATERMAN, P. J.  It would serve no useful purpose to
enter upon a review of the evidence in this case.  It is suffi-
cient to say that not only have two tribunals found that Grant
withheld from the claimant and those under whom she claims
moneys and information which belonged to them, but that in
the opinion of this court the evidence justifies such conclu-
sion.

The principal contentions of appellant are that, before the
claimant can recover, she must show by a preponderance
of the evidence that neither she nor any other person justly
entitled thereto has received from Mr. Grant or any other
person the several amounts for which judgment is asked;
and that the said Grant, as to all moneys received by him
from persons to whom he had loaned the same, or on account
of the sale of securities, was a mere collecting agent, and that
there has been as to such funds inexcusable *laches;* that the
statute of limitations began to run as soon as these funds
were secured, and its bar is now complete.

As to the first proposition, we need only say that it was
sufficient for the claimant to show that money belonging to
her came into the hands of Grant; it was then for the estate
to show what had become of it.  The presumption of good
faith upon his part is not sufficient to overcome the presump-
tion that a state of affairs once existing is presumed to have
continued.  To the defense of *laches* interposed, insisting
upon the statute of limitations, the reply is made, first, that
as to a portion of the funds in the hands of Grant there was
an express trust; that he did not hold or receive the funds as
a mere collecting but rather as an investing agent, and that
consequently the statute would not begin to run until demand
was made upon him or he placed himself in a position of hos-
tility to his principal.

Second, that there was upon his part a fraudulent conceal-
ment of the facts, and that the real condition of affairs, or

rather the fraud practiced by him, was not discovered until after his death, and only from its discovery did the statute begin to run. As to these replies, in so far as they depend upon questions of fact, the finding of the court below was against the appellant; and we see no sufficient reason for interfering with its conclusion. That there was evidence tending to show a fraudulent concealment upon his part can not be disputed, and that the statute of limitations does not begin to run until notice of the fraud is had, is too well established to require the citation of authorities.

If the Odiornes were not as suspicious as they might have been concerning the "La Rocque" loan and the "item of $1,358.86," and consequently did not search the records, and sooner discover the fraud practiced upon them, it must be borne in mind that they were relying upon a trusted attorney and agent, and that he abused their confidence. The case of Vigus v. O'Bannon, 118 Ill. 334, is instructive upon this point.

The funds were originally intrusted to Mr. Grant to invest. The desire of his principal to keep the money loaned, and to receive only the interest thereon, was apparent, and there is an utter failure to show either that he ever declined longer to act as an investing agent, or any demand upon him to pay over anything more than the interest he had collected.

In such case the statute does not run at law, and in a court of equity there can not be said to be *laches.* Albretch v. Wolf, 58 Ill. 186; Hubbard v. U. S. Mortgage Co., 14 Ill. App. 40; Seymour v. Freer, 8 Wall. 202; McDonell v. Potter, 8 Pa. State, 189.

As to these funds, so far as his principals knew, Grant never occupied a position hostile to their interests. He gave them to understand that his possession and custody of these funds was theirs.

It is urged that evidence as to the Johnston and Haggerty loans was improperly admitted because a confession of judgment had been made upon those claims. The offer to confess judgment was not for as large amount as appellee insisted was due upon those matters, and consequently whatever went to show the sum actually due thereon was admissible. It is also

Grant v. Odiorne.

urged that a judgment by confession for $2,305, should have been deducted from the amount found to be due by the court, and judgment entered only for the balance.   The judgment in this cause was entered on the 10th day of January, 1891, and a record of the cause, including a bill of exceptions, was made and certified by the clerk of the Circuit Court to be "true, perfect and complete," March 3, 1891.   By certificates of the clerk of the Circuit Court, made March 31, 1891, it appears that the estate of William C. Grant, by order of court made March 24, 1891, filed *nunc pro tunc* as of July 8, 1890, a confession of judgment on the "so called" Johnston and Haggerty loan for $2,305, and that on the 28th of March, 1891, judgment *nunc pro tunc* as of July 8, 1890, was entered upon such confession for $2,305.   The term of the Circuit Court at which the judgment for $10,724.35, now under consideration, was rendered, expired January 17, 1891; thereafter the court could not change or vary that judgment.   The judgment of the December, 1890, term can not be invalidated by a confession made by appellant and judgment at its instance entered at the ensuing March term, although the order declares it to be *nunc pro tunc* as of July 8, 1890.   Not only had the December term, 1890, at which the judgment in this cause was entered, passed, but appellant had been allowed an appeal therefrom, and had perfected the same, February 9, 1891, nearly fifty days prior to the entry of the *nunc pro tunc* judgment of March 28th.

From some remarks of counsel appearing on the bill of exceptions, it would appear that counsel for appellant had during the trial of the cause stated that he would confess judgment on the Johnston and Haggerty loans, but no confession was made or judgment thereon entered until March, 1891. It does not appear that appellee is endeavoring to enforce both judgments; if that entered March 28, 1891, is for a portion of the same cause for which the judgment of January 10, 1891, was rendered, appellant should apply to the proper tribunal, and in the proper manner, for relief from the consequences of her own acts.

Upon the consideration of the whole record we are satisfied

with the finding and judgment of the court below, and it is affirmed.

*Judgment affirmed.*