W. A. STEWART *et al.* v. THE BANK OF THE INDIAN TERRITORY, ETC.

No. 13,548.    (75 Pac. 1055.)

SYLLABUS BY THE COURT.

COUNTY WARRANTS—*Limitation of Action—Fraudulent Concealment.* One who buys a county warrant which is invalid because issued to the payee to cover the discount to which such warrants were subject on the market ordinarily has an immediate right of action against the vendor for the amount paid. In the absence of any actual intention to conceal the nature of the transaction, the fact that the warrant purports on its face to have been issued for a valid consideration, and that it was issued upon a verified account, the corresponding item of which was fair on its face, the overcharge, however, being manifest upon a consideration of the entire account, does not constitute ·such a fraudulent concealment as to suspend the operation of the statute of limitations until the discovery of the invalidity of the warrant by its holder.

Error from Sedgwick district court; D. M. DALE, judge.    Opinion filed March 12, 1904.    Reversed.

*Stanley, Vermilion & Evans,* for plaintiffs in error.

*Conly & Conly,* for defendant in error.

The opinion of the court was delivered by

MASON, J. : On March 15, 1894, Stewart Brothers sold to the Bank of the Indian Territory, for $206.66, a warrant for $266.66, which had been issued to them

by Noble county, Oklahoma, a short time before. The bank held the warrant about three years and then brought action upon it against the county. In this action the warrant was held to be fraudulent and void because issued to make up the difference between the face value and the market value of a warrant issued to Stewart Brothers for the full amount due them upon a contract to build three jail cells. On July 20, 1900, the bank brought an action against Stewart Brothers for the amount it had paid for the warrant, and recovered judgment, which the defendants seek by this proceeding to reverse.

The only question which it is necessary to determine is whether the action was barred by the statute of limitations. The theory of plaintiffs in error is that a cause of action accrued, if at all, immediately upon the sale of the warrant, and that the statute then began to run. If this is correct, the judgment must be reversed. The claim of defendant in error is that the operation of the statute of limitations did not begin until the bank received notice of the invalidity of the warrant, by the filing of the answer in June, 1900, in the action brought against the county. It contends that up to that time the facts which rendered the warrant void had been fraudulently concealed by defendants. This contention is based upon the fact that the warrant, upon its face, purported to have been issued "on account of jail cells for county and costs," and that it was issued upon a verified account, the corresponding item of which was the sum of $266.66, charged for "freight and costs of erecting in place," referring to the jail cells.

It may be sufficient to say that this case falls within the rule announced in *Railway Co. v. Grain Co.*, ante, page 585, 75 Pac. 105. But the doctrine of that case

need not be invoked to determine this. The evidence, so far as it affects the question under discussion, was all in writing, and deductions are to be made from it by this court independently of the conclusions reached by the trial court. There is no claim of any oral misrepresentation made by defendants to effect the sale of the warrant, or of any fraud or concealment, except such as may be implied from the facts already stated as to the purported consideration for the warrant shown by its own recital and by the voucher upon which it was issued. The testimony of the defendants contains an explanation of these facts that is entirely consistent with actual good faith on their part. There being nothing to contradict this testimony, it must be given some effect. It is, in substance, that defendants made a written contract with Noble county to erect jail cells and a corridor for the county jail for $2450 cash, or its equivalent in county warrants at their market value; that before the completion of the work it was stopped by an injunction; that upon the dissolution of the injunction the county commissioners decided to issue to the contractors warrants for the contract price, including the discount to which the warrants were subject on the market, less the equivalent of $200 in cash, which was to be held until the full completion of the contract, as a guaranty of such completion and of the payment of freight bills; that the warrants were subject to a discount of twenty-five per cent. The voucher or verified account, presented to the county, was made up of three items: First, the full contract price, $2450; second, the "cash equivalent in warrant at market value," $550; third, "freight and cost of erecting in place," $266.66.

This distribution of the amounts corroborates the statement of defendants that the $266.66 item was

separated from the others as the equivalent of $200 in cash, representing either an estimate of the freight and the cost of completing the work, or a sum deemed security against any default of the contractor as to these matters. It is true that this amount seems to have been carved out of the allowance made to cover the discount, and that all warrants issued upon the contract in excess of $2450 were necessarily void under the statute forbidding the allowance upon any demand of more than the amount due thereon, dollar for dollar. But there was no actual fraud or concealment on the part of defendants. Except as they might be held accountable for the language of the voucher, they were not shown to have had anything to do with the wording of the warrant. The plaintiff did not see the voucher before buying the warrant and could not have been misled by its language if it had seen it. The very fact that it made a charge, in terms covering the discount to which warrants were subject on the market, and included in one item the full amount of the contract price, conclusively shows that, however unlawful the proceeding may have been, the voucher was not framed with the intention of misleading the county board or any one else. We conclude that no such fraudulent concealment was shown as to toll the statute of limitations, upon any theory of the law, and that the claim sued upon was therefore barred prior to the commencement of the action.

The judgment is reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

All the Justices concurring.