## WAUGH v. GUTHRIE GAS, LIGHT, FUEL & IMPROVEMENT CO.

No. 2250.  Opinion Filed January 7, 1913.

Rehearing Denied April 5, 1913.

(131 Pac. 174.)

1. **LIMITATION OF ACTIONS—Personal Injuries.** An action for damages for personal injuries, being an action for injury to the rights of a person, not arising on contract, is governed by the third subdivision of section 5550, Comp. Laws 1909, and must be brought within two years after the cause of action shall have accrued.

2. **SAME—Fraudulent Concealment—Effect.** Fraudulent concealment constitutes an implied exception to the statute of limitations, and a party who wrongfully conceals material facts, and thereby prevents a discovery of his wrong, or the fact that a cause of action has accrued against him, is not allowed to take advantage of his own wrong by pleading the statute, the purpose of which is to prevent wrong and fraud.

3. **SAME—Affirmative Act.** The mere failure to disclose that a cause of action exists is not sufficient to prevent the running of the statute. There must be something more; some actual artifice to prevent knowledge of the facts; some affirmative act of concealment or some misrepresentation to exclude suspicion and prevent inquiry.

(Syllabus by Sharp, C.)

*Error from District Court, Logan County;*
*A. H. Huston, Judge.*

Action by Le Roy Waugh against the Guthrie Gas, Light, Fuel & Improvement Company for damages for personal injury. From a judgment in favor of defendant, plaintiff appeals. Reversed and remanded.

*Joseph Wisby, John A. Remy,* and *C. G. Hornor,* for plaintiff in error.
*Dale, Bierer & Hegler,* for defendant in error.

SHARP, C.  Plaintiff's petition, filed in the district court of Logan county, June 7, 1910, charged that defendant com-

pany was on April 7, 1907, engaged in the business of supplying artificial gas to the residents of the city of Guthrie, for use in their residences and places of business, and as such had constructed its gas pipe lines and other equipment throughout said city; that plaintiff was a merchant and occupied the ground floor room of a certain store building at No. 114 West Harrison avenue in said city; that said store building was piped for and supplied with water received through the water supply line of the waterworks of said city; that the defendant company's gas line was constructed in the alleyway at the rear of said building, in close proximity · with and near the water supply line; and that, by permitting its said gas line to become out of repair to an extent that gas escaped therefrom at a point near the water supply line in the rear of plaintiff's building, said gas was transmitted along, to, and under, the building occupied by plaintiff, and there caused to be ignited and exploded, whereby, and on account of which wrongful and negligent acts, plaintiff sustained permanent and serious physical injuries as described in said petition. Anticipating the plea of limitations, plaintiff sought ·to avoid that defense by charging that defendant was a public service corporation, and that there devolved upon it, under and by virtue of its franchise and by-laws, the high responsibility of keeping its pipe line and appliances in good repair, etc.; that this duty was one owing not only to its patrons, but to the public in general; that, notwithstanding the duties and obligations due and owing by defendant, it wholly failed to perform them in the above particulars, and further willfully, and after the date of said accident, concealed the facts connected therewith from plaintiff and all persons acting for and in his behalf. The petition alleged:

"That the defendant, in order to conceal, and in the act of concealing, the said facts of the cause of said explosion from the plaintiff, at and for some time thereafter was guilty of wrongful, immoral, and unlawful conduct as follows, viz.: By that of one of its officers, agents, or employees, one whose name is unknown to the plaintiff, immediately after said explosion presented himself at said building and preventing divers persons,.

who were friends and representatives of the plaintiff, from entering said building and making any investigations whatever as to the cause thereof, and then and there, by words, signs, and gestures, unknown to the plaintiff leading the plaintiff's said friends and representatives to believe that his action was in order to protect, and for the purpose of protecting the interest of property; by the defendant, subsequent to said explosion; and further by preventing its said officers, agents, and employees from disclosing any facts of the cause thereof to persons other than the officers, agents, and employees of the defendant; and by the defendant making, and causing to be made, false, fictitious, and fraudulent reports as to the cause of said explosion— all of which was done by the defendant for the purpose of leading this plaintiff to believe that said explosion was not caused by the escape of artificial gas from the defendant's gas lines."

It was further charged that plaintiff had made diligent efforts to discover the cause of the explosion by making inquiries from the officers and employees of the defendant, and from other persons, and by examination of the premises and lines of the defendant company, but was wholly unable to discover the cause thereof until within one month of the date of filing his petition.

The sufficiency of the petition was attacked by demurrer; the defendant specifically pleading the two-year statute of limitations. The demurrer was sustained. Plaintiff electing to stand on the sufficiency of his petition, judgment was rendered for the defendant, and, from this judgment, an appeal has been prosecuted. The statute of limitations applicable is, we think, the third subdivision of section 5550, Comp. Laws 1909, which provides that an action for the injury to the rights of another, not arising on contract, and not therein enumerated, shall be brought within two years after the cause of action shall have accrued. *Atchison, T. & S. F. Ry. Co. v. King,* 31 Kan. 708, 3 Pac. 565; *Missouri, K. & T. Ry. Co. v. Wilcox,* 32 Okla. 51, 121 Pac. 656.

Plaintiff's injury was sustained more than two years before the bringing of the action, so that, unless the alleged fraudulent concealment by defendant of the facts serves to postpone the

operation of the statute, plaintiff's cause of action was barred by limitations. This is the sole remaining question presented for our determination. The statute contains no exception of the kind; and, the action not being predicated upon fraud, that provision of the statute authorizing suit to be commenced, in an action for relief on the ground of fraud, within two years after the discovery of the fraud, does not apply. The first three subdivisions of section 5550, Comp. Laws 1909, are identical with the same numbered provisions of section 5610, General Statutes of Kansas 1909. It does not appear, from an examination of the authorities that we have made, that the exact question here presented was ever before the Supreme Court of Kansas prior to the adoption by the territorial Legislature of the above part of the statute, though in the early case of *Voss v. Bachop,* 5 Kan. 59, we find that the Supreme Court of that state refused to permit the plea of the statute of limitations in bar of an action brought by a client against an attorney for money collected and not accounted for. The court, speaking through Kingman, C. J., held that, the allegations of the petition charging that defendant, by his own misrepresentations, had prevented a demand being made on him, said defendant was estopped by his own acts from setting up the statute, and cited in support of its position the case of *Way v. Cutting,* 20 N. H. 190, a case not involving any professional or fiduciary relationship. In quoting from the latter case the court said:

"The principle of natural justice and of positive law that precludes a party from deriving a benefit from his own wrong has from an early period been applied by courts, both of law and equity, to the construction of the statute of limitations. It has accordingly been repeatedly held that a party shall not be protected by the lapse of time during which he has, by his own fraud, prevented the party whom he has injured from asserting his rights at law, and that he, against whom the statute bar is interposed, may avoid it by showing that he has been kept in ignorance of his claim till within the period limited by law for bringing his suit by the fraudulent practices of the party setting up the defense.'"

The question, in a somewhat changed form, was again before the Supreme Court of Kansas in *McMullen v. Winfield Bldg. & Loan Ass'n,* 64 Kan. 298, 67 Pac. 892, 56 L. R. A. 924, 91 Am. St. Rep. 236. There the default was made more than six years prior to the commencement of the action; but it was charged that the secretary of the company artfully and fraudulently concealed his misappropriations by making false entries, etc., in the books, and that the association had no knowledge of his wrongful and fraudulent acts until shortly before bringing its action. It was observed by the court:

"Did the fraudulent concealment interfere with the operation of the statute of limitations? Did the cause of action accrue when the fraud was committed, or not until the fraudulent conduct and defaults were discovered? Courts of equity have been holding that, independent of a statutory provision, the defendant's fraud and concealment of a cause of action will postpone the running of the statute of limitations until such time as the plaintiff discovers the fraud, and this upon the theory that the defendant, having by his own wrong and fraud prevented the plaintiff from bringing his action, cannot take advantage of his own wrong by setting up the statute as a defense. Some authorities confine this rule to proceedings in courts of equity, but hold that at law neither fraud, concealment, nor other circumstances will affect the operation of the statute, unless it is expressly provided for by statute. The weight of authority in this country and in England applies the rule to actions at law as well as to suits in equity. In *Bailey v. Glover,* 21 Wall. 342 [22 L. Ed. 636], Mr. Justice Miller, in holding that concealed fraud was an implied exception to the statute of limitations, equally applicable to suits at law as well as in equity, said: 'Statutes of limitations are intended to prevent frauds, to prevent parties from asserting rights after a lapse of time had destroyed or impaired the evidence which would show that such rights never existed, or had been satisfied, transferred, or extinguished, if they ever did exist. To hold that by concealing a fraud, or by committing fraud in a manner that it concealed itself until such time as the party committing the fraud could plead the statute of limitations to protect it, is to make the law which was designed to prevent fraud the means by which it is made successful and secure.' See, also, *Munson v. Hallowell,* 26 Tex. 475, 84 Am. Dec. 582; *Rosenthal v. Walker,* 111 U. S. 185,

4 Sup. Ct. 382 [28 L. Ed. 395]; *Traer v. Clews,* 115 U. S. 528, 6 Sup. Ct. 155 [29 L. Ed. 467]; *Lieberman v. Bank* [8 Del. Ch. 229] 40 Atl. 382; *Lieberman v. First Nat. Bank,* 2 Pennewill (Del.) 416, 45 Atl. 901 [48 L. R. A. 514], 82 Am. St. Rep. 414; *Sparks v. Farmers' Bank,* 3 Del. Ch. 274; *Moore v. Waco Bldg. Ass'n,* 19 Tex. Civ. App. 68, 45 S. W. 974; 19 Am. & Eng. Ency. of Law (2d Ed.) 245."

*Atchison, T. & S. F. Ry. Co. v. Atchison Grain Co.* (Kan.) 70 Pac. 933, was an action to recover damages for wrongful discrimination in freight rates. It was held that concealment and fraud constituted an implied exception to the statute of limitations, and that a party who wrongfully concealed material facts, and thereby prevented a discovery of his wrong, or the fact that a cause of action had accrued against him, would not be allowed to take advantage of his own wrong by setting up the statute, the design of which was to prevent wrong and fraud. A rehearing being granted, it was held (68 Kan. 585, 75 Pac. 1051, 1 Ann. Cas. 639) that, although the defendant succeeded in concealing the fact of its discrimination from plaintiff until less than eighteen months prior to the filing of the petition, no ground for postponing the operation of the statute was shown. A vigorous dissenting opinion however, was filed by Johnston, C. J., in which a great number of authorities are cited as sustaining the former position of the court. The rule announced in the majority opinion has since been followed in *Stewart v. Bank,* 68 Kan. 755, 75 Pac. 1055; *Beckham v. Burrton State Bank,* 68 Kan. 833, 75 Pac. 1133; *McAlister et al. v. Fair, Adm'r, et al.,* 72 Kan. 533, 535, 84 Pac. 112, 3 L. R. A. (N. S.) 726, 115 Am. St. Rep. 233, 7 Ann. Cas. 973; *Baxter v. Krause,* 79 Kan. 851, 101 Pac. 467, 23 L. R. A. (N. S.) 547; *Casper v. Lewin,* 82 Kan. 604, 627, 109 Pac. 657. We are not concluded, however, by these opinions, all of them, save *Voss v. Bachop, supra,* being rendered subsequent to the adoption of the statute. *Barnes v. Lynch et al.,* 9 Okla. 156, 59 Pac. 995.

The first authoritative application of this principle to courts of law found encouragement, if not origin, in the language of Lord Mansfield in *Bree v. Holbech,* 2 Doug. 654 (99 Eng. Rep.

K. B. 415), where it was observed: "There may be cases which fraud will take out of the statute of limitation." In answer to the charge frequently made by different courts that the expression was mere *dictum*, it was said by Story, J., in *Sherwood v. Sutton*, 5 Mason, 143, Fed. Cas. No. 12,782:

"It is by no means a just representation of this case to consider this language as a mere *dictum* of Lord Mansfield. He must be understood to have spoken in the name of the court; and the leave granted to the plaintiff to amend and reply fraud in the defendant is proof that the court entertained no doubt upon the principal point."

It is said by this learned judge in the opinion that the rule announced by Lord Mansfield has often been decided, both at law and in equity, since its decision, and has never been denied in England. Judge Story's opinion contains a complete review of the authorities, both in England and America, up to the time of its rendition. It contains a strong and able presentation of the law, to which little, if anything, except in the way of subsequent authorities, could be added. After reviewing the English authorities, it is said that, with one exception (*Troup v. Ex'rs of Smith*, 20 Johns. [N. Y.] 33), the American cases are in conformity with the rule announced in *Bree v. Holbech*. Among the leading cases, and one cited by Justice Story, is *First Massachusetts Turnpike Corporation v. Field et al.*, 3 Mass. 201, 3 Am. Dec. 124, decided at a time when Parker, J., Sedwick, J., and Parsons, C. J., were all members of that court, and to which the two latter gave expression of their views in the opinion; both referring to the early English case of *Bree v. Holbech, supra*. The former in the opinion said:

"Is this an answer (plea of limitation) which ought to be deemed satisfactory in a court of justice? I think not. If it should, every man would be screened from making satisfaction for injuries resulting from the fraudulent execution of his contracts, if his fraud was attended with such circumstances of artful concealment as to elude detection until after a lapse of more than six years."

While it is said by Parsons, C. J.:

"The delay of bringing the suit is owing to the fraud of the defendant, and the cause of action against him ought not to be considered as having accrued until the plaintiff could obtain the knowledge that he had a cause of action. If this knowledge is fraudulently concealed from him by the defendant, we should violate a sound rule of law, if we permitted the defendant to avail himself of his own fraud."

In *Traer v. Clews,* 115 U. S. 528, 6 Sup. Ct. 155, 29 L. Ed. 467, the plea set up the bar prescribed by the second section of the Bankruptcy Act, being section 5057 of the Revised Statutes, which declared:

"No suit, either at law or in equity, shall be maintained in any court between an assignee in bankruptcy and a person claiming an adverse interest touching any property or rights of property transferable to or vested in such assignee, unless brought within two years from the time the cause of action accrued for or against such assignee."

In answer to the plea of the statute, various acts of fraudulent concealment were charged. The court observed that the case was substantially the same, so far as the question then before it was concerned, as *Bailey v. Glover,* 21 Wall. 342, 22 L. Ed. 636 (cited in *McMullen v. Winfield Bldg. & Loan Assn., supra*), and attention was there called that the case of *Bailey v. Glover* had never been overruled, doubted, or modified by that court; but on the contrary, in *Rosenthal v. Walker,* 111 U. S. 185, 4 Sup. Ct. 382, 28 L. Ed. 395, it was reaffirmed, and was distinguished from the case of *Wood v. Carpenter,* 101 U. S. 135, 25 L. Ed. 807, relied on by the appellants, and concluded by holding that, upon the pleadings and evidence, the suit was not barred by the limitation prescribed in section 5057 of the Revised Statutes. It will be noted that the foregoing statute contains no exception or provision for tolling the statute. An able and scholarly presentation of the case is presented in *Munson v. Hallowell,* 26 Tex. 475, 84 Am. Dec. 582, where all of the early authorities, both English and American, are reviewed.

In Texas, as with us (section 5542, Comp. Laws 1909), the distinctions between actions at law and suits in equity are

abolished. The court arrived at the conclusion that, there being no distinction in that state between legal and equitable remedies, it followed, as a question of legislative intention in the adoption of the statutes of limitation, that the fraudulent concealment by a defendant of the litigation would prevent the statue from running against the plaintiff. It was said:

"The fact that we have no distinction in our courts between legal and equitable remedies, instead of repelling this uniform construction that has been given to the statute, would seem to afford a still stronger reason for leading with us to its adoption. For if, as it is justly said, there is no distinction of this character in our judicial system, and the statute must therefore be regarded as binding upon the courts, whether in the exercise of their functions as legal or equitable tribunals, is it not a legitimate conclusion that the Legislature, having adopted the statute as the rule of decision for a tribunal administering both legal and equitable remedies, must have intended to have adopted it as well with reference to the construction previously placed upon it in equity as at law, if the case before the court appropriately required it? If not, the mere fact that legal and equitable powers have been blended, with us, in a single tribunal, cuts a party off from a remedy to which we would be entitled under the same statute, if legal and equitable remedies were administered in different forums. Such is not believed to be the intention in the adoption of our judicial system."

The question is ably considered in *Reynolds v. Hennessey,* 17 R. I. 169, 23 Atl. 639; the court saying:

"The statute does not take away the debt, but simply affects the remedy; and these exceptions show how liberally the statute has always been created as a remedial measure. But there is a wide distinction between ingrafting an exception into a statute by construction and construing it according to its obvious intent. The rule laid down by Blackstone of considering the old law, the mischief, and the remedy, when applied to this statute, shows that its purpose was to cut off those cases whose prosecution would, or might, result in fraud. It was clearly not intended to thwart the fundamental maxim that no one may take advantage of his own wrong. Hence, if one by fraud conceals the fact of a right of action for six years, it is not ingrafting an exception on the statute to say he is not protected thereby; but it is simply saying he never was within it, since the protec-

ion was never designed for such as he. But whether this be taken as an exception, or only a limitation of the statute, it rests upon sound reason and just policy. Such a construction also has been so frequently applied that it is now said to have the weight of authority in its favor, although it must be admitted there are strongly expressed opinions the other way, Busw. Lim. sec. 390; Angell, Lim. (6th Ed.) c. 18, sec. 186; 3 Pars. Cont. 99."

Among other cases supporting the authorities mentioned are the following: *Snodgrass v. Branch Bank,* 25 Ala. 161, 60 Am. Dec. 505; *Porter v. Smith,* 65 Ala. 169; *Conditt v. Holden,* 92 Ark. 618, 123 S. W. 765, 135 Am. St. Rep. 206; *Kane v. Cook,* 8 Cal. 449; *Curran v. Hubbard,* 14 Cal. App. 733, 114 Pac. 83; *Lewis v. Denison,* 2 App. D. C. 387; *Hoyle v. Jones,* 35 Ga. 40, 89 Am. Dec. 273; *Campbell v. Vining,* 23 Ill. 525; *Grant v. Odiorne,* 43 Ill. App. 402; *Alhey v. Hunter,* 65 Ill. App. 453; *Jones v. Lloyd,* 117 Ill. 597, 7 N. E. 119; *Cook v. Railway Co.,* 81 Iowa, 551, 46 N. W. 1080, 9 L. R. A. 764, 25 Am. St. Rep. 512; *Carrier v. Railway Co.,* 79 Iowa, 80, 44 N. W. 203, 6 L. R. A. 799; *Eising v. Andrews,* 66 Conn. 58, 33 Atl. 585, 50 Am. St. Rep. 75; *Bradford v. McCormick,* 71 Iowa, 129, 32 N. W. 93; *Boomer Dist. Twp. v. French,* 40 Iowa, 601; *Lancaster v. Springer,* 239 Ill. 472, 88 N. E. 272; *Wood v. Williams,* 142 Ill. 269, 31 N. E. 681, 34 Am. St. Rep. 79; *Fortune v. English,* 226 Ill. 262, 80 N. E. 781, 12 L. R. A. (N. S.) 1005, 117 Am. St. Rep. 253, 9 Ann. Cas. 77; *Wear v. Skinner,* 46 Md. 257, 24 Am. Rep. 517; *Turnpike Corp. v. Field,* 3 Mass. 201, 3 Am. Dec. 124; *Manufacturers' Nat. Bank v. Perry,* 144 Mass. 313, 11 N. E. 81; *Dean v. Ross,* 178 Mass. 397, 60 N. E. 119, *Tompkins v. Hollister,* 60 Mich. 470, 27 N. W. 651; *Mast et al. v. Easton,* 33 Minn. 161, 22 N. W. 253; *Bescher v. Paulus,* 58 Ind. 271; *Fisher v. Tuller,* 122 Ind. 31, 23 N. E. 523; *Campbell v. First's Estate* (Ind. App.) 97 N. E. 954; *Cress v. Ivens* (Iowa) 134 N. W. 869; *Deake, Appeal of,* 80 Me. 50, 12 Atl. 790; *Clark v. Goodrum,* 61 Miss. 731; *State v. Yates,* 231 Mo. 276, 132 S. W. 672; *Shelby County v. Bragg,* 135 Mo. 291, 36 S. W. 600; *State v. Hawkins,* 103 Mo. App. 251, 77 S. W. 98;

*Hickam v. Hickam,* 46 Mo. App. 496; *Douglas v. Elkins,* 28 N. H. 26; *Quimby v. Blackey,* 63 N. H. 77; *Way v. Cutling,* 20 N. H. 187; *Bowman v. Sanborn,* 18 N. H. 205; *Hughes v. National Bank,* 110 Pa. 428, 1 Atl. 417; *Morgan v. Tener,* 83 Pa. 305; *Campbell v. Boggs,* 48 Pa. 524; *McDowell v. Potter,* 8 Pa. 189, 49 Am. Dec. 503; *Harrisburg Bank v. Foster,* 8 Watts (Pa.) 12; *Reynolds v. Hennessey,* 17 R. I. 169, 23 Atl. 639; *Harrell v. Kelly,* 2 McCord (S. C.) 426; *Railway Co. v. Gay,* 86 Tex. 571, 26 S. W. 599, 25 L. R. A. 52; *Id.,* 88 Tex. 111, 30 S. W. 543; *Anding v. Perkins,* 29 Tex. 348; *Ripley v. Withee,* 27 Tex. 14; *Munson v. Hallowell,* 26 Tex. 475, 84 Am. Dec. 582; *Larsen v. Loan Co.,* 23 Utah, 449, 65 Pac. 208; *Cloyd v. Reynolds,* 44 Pa. Super. Ct. 81; *Boro v. Hidell,* 122 Tenn. 80, 120 S. W. 961, 135 Am. St. Rep. 857; *Ragland v. Owen,* 84 Va. 227, 5 S. E. 91; *Reynolds' Adm'rs v. Gauthrop's Heirs,* 37 W. Va. 3, 16 S. E. 364; *Sherwood v. Sutton,* Fed. Cas. No. 12,782, 5 Mason, 143; *Granger v. George,* 5 B. & C. 149, 7 D. & R. 729; *Clark v. Hougham,* 2 B. & C. 149, 3 D. & R. 322; *Bree v. Holbech,* 2 Doug. 655.

Authorities announcing a contrary rule, in addition to the Kansas cases already cited, are: *Fee, Adm'r, v. Fee, Adm'r,* 10 Ohio, 469, 36 Am. Dec. 103; *Howk v. Minnick,* 19 Ohio St. 462, 2 Am. Rep. 413; *Troup v. Smith's Ex'rs,* 20 Johns. (N. Y.) 48; *Leonard v. Pitney,* 5 Wend. (N. Y.) 30; *Allen v. Mille,* 17 Wend. (N. Y.) 202; *Callis v. Waddy,* 2 Munf. (Va.) 511; *Smith v. Bishop,* 9 Vt. 116, 31 Am. Dec. 607; *Hamilton v. Shepperd,* 3 Murphy (7 N. C.) 115; *Pyle v. Beckwith,* 1 J. J. Marsh (Ky.) 445; *Jacob v. Frederick,* 81 Wis. 254, 51 N. W. 320; *Peak v. Buck et al.,* 3 Baxt. (Tenn.) 71; *Freeholders of Somerset v. Veghte,* 44 N. J. Law, 509; *Blount v. Parker,* 78 N. C. 128; *Murray v. Chicago & N. W. Ry. Co.,* 92 Fed. 868, 35 C. C. A. 62; Wood on Limitations (3d Ed.) sec. 274.

From what we have said, it should not be construed to mean that mere failure to disclose is sufficient to prevent the running of the statute. There must be something more; some actual artifice to prevent knowledge of the fact; some affirma-

tive act of concealment; or some misrepresentation to exclude suspicion and prevent inquiry. *Perry v. Wade,* 31 Kan. 428, 2 Pac. 787; *Lancaster v. Springer,* 239 Ill. 472, 88 N. E. 272; *McBride v. Burlington, etc., Ry. Co.,* 97 Iowa, 91, 66 N. W. 73, 59 Am. St. Rep. 395; *Wood v. Williams,* 142 Ill. 269, 31 N. E. 681, 34 Am. St. Rep. 79; *Smith v. Blachley,* 198 Pa. 173, 47 Atl. 985, 53 L. R. A. 849; *State v. Walters,* 31 Ind. App. 77, 66 N. E. 182, 99 Am. St. Rep. 244; *Wood v. Carpenter,* 101 U. S. 135, 25 L. Ed. 807; *Bates v. Preble,* 151 U. S. 149, 14 Sup. Ct. 277, 38 L. Ed. 106; *State v. Yates,* 231 Mo. 276, 132 S. W. 672. But we think the petition sufficiently met this necessary allegation. It charged that defendant, in various ways, actively made, and caused to be made, false, fictitious, and fraudulent reports as to the cause of the explosion for the purpose of leading plaintiff to believe that said explosion was not the result of the escape and ignition of artificial gas from defendant's mains; that defendant was at all times well aware of the cause of the explosion, and caused secret repairs to be made of its mains and appliances for the purpose of preventing plaintiff from acquiring the knowledge of the cause of the explosion; and in other ways charged defendant with a fraudulent concealment of the facts which would have disclosed to plaintiff his cause of action against defendant, notwithstanding that plaintiff was at all times active and diligent in his efforts and endeavors to discover the cause thereof. It is no sufficient answer to say, as have counsel in their brief, that plaintiff must have known that he was blown up, and realized that he was injured. This he undoubtedly knew; but it was the fact that defendant by its negligence was the cause of the injury that gave rise to the cause of action against it, not the mere fact of the injury. Upon trial the party relying on the fraudulent concealment of the cause of action to avoid the statute would have the burden of proving such concealment. Following what we believe to be the great weight of authority, and keeping in mind that the very purpose of the statute of limitations was to prevent fraud and not to make it secure and successful, we conclude that the petition stated a

good cause of action, and that the trial court erred in sustaining the demurrer.

The judgment of the trial court should therefore be reversed, and the cause remanded, with instructions to overrule the demurrer, and for further proceeding consistent with this opinion.

By the Court: It is so ordered.